**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. 11-1237(AJN)(JCF) |
| Plaintiff, | |
| v. | **DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, | |
| Defendants. | |

NICHOLAS A. VYTELL, ESQ., pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am an attorney-at-law of the State of New York, admitted to appear *pro hac vice* in this action, and associated with the law firm of Carroll, McNulty & Kull, LLC, counsel for Plaintiff, Oleg Cassini, Inc. ("Plaintiff" or "OCI") in the above-captioned action. As such, I have personal knowledge of the facts and matters set forth herein.

2.     I make this Declaration in support of Plaintiff's Motion to Compel Discovery from Defendant, Electrolux Home Products, Inc. d/b/a Frigidaire ("Defendant" or "Electrolux"), pursuant to Rule 37 of the Federal Rules of Civil Procedure. Specifically, as set forth herein, Plaintiff seeks production of Defendant's Initial Rule 26 Disclosures, more specific responses to Plaintiff's Interrogatories signed and certified by Defendant, and more specific responses (including the responsive documents) to Plaintiff's Requests for Production of Documents.

3.     I hereby certify that a good faith effort was made to resolve the dispute giving rise to the instant motion. I have conferred with counsel for Defendant about this dispute on multiple occasions, and we have been unable to resolve this dispute. The attempts to resolve this dispute include correspondence, emails, and telephone conferences between counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

4.      By way of background, this is an action by Plaintiff against Electrolux asserting various claims for products liability, breach of warranty, and violation of the New York consumer protection laws as a result of a 2008 fire at Plaintiff's home that resulted when a dryer manufactured by Electrolux suddenly malfunctioned.   Plaintiff had suffered a prior fire as a result of a faulty dryer manufactured by Defendant in 2004, which claim was settled by Defendant's insurance carrier.   The 2008 fire, however, caused significantly more damage to Plaintiff's home and destroyed numerous invaluable personal effects and memorabilia that belonged to renowned fashion designer Oleg Cassini.   Defendant has refused to accept responsibility and has, instead, forced Plaintiff to litigate this action.

5.      Defendant's representatives performed a complete inspection of the dryer and the property following both the first and second fires.  While they had different model numbers, the dryers involved in both fires were electric, under-the-counter dryers manufactured by Electrolux and had essentially the same mechanical design.

6.      Upon the parties' request, this action was referred to private mediation by Order dated March 23, 2012, and discovery was stayed.  On May 8, 2012, the parties and counsel appeared for mediation before the Honorable John P. DiBlasi, J.S.C. (Ret.).  Unfortunately, the parties were not able to reach an amicable resolution.   Rather, contrary to its prior representations, Defendant, for the first time, maintained that it would contest liability in this action.

7.      On June 5, 2012, counsel appeared for a pretrial conference and, thereafter, undertook formal discovery on the issues of liability and damages.

8.      Plaintiff served and Defendant provided deficient responses to Plaintiff's First Set

of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents, and Plaintiff's Second Request for Production of Documents (the relevant portions of the foregoing demands and Defendant's responses are attached hereto at **Exhibits A through C**, respectively). To date, Defendant has failed to serve its Initial Rule 26 Disclosures.

9.      By letter dated September 4, 2012 (attached as **Exhibit D**), the undersigned counsel detailed numerous deficiencies in Defendant's discovery responses and requested supplemental responses in order to avoid judicial intervention.

10.     Among other things, Defendant unilaterally attempted to limit discovery to the particular dryer model involved in the second fire at Plaintiff's property, notwithstanding the fact that other nearly-identical dryers, but bearing different model numbers, had experienced similar issues.  Moreover, Defendant refused to produce any documents related to the now widely-known issues with its under-the-counter dryers including other claims or complaints resulting from fires.

11.     Accordingly, Plaintiff requested that Defendant identify and produce information regarding other similar models that had experienced issues with fires.  In addition, Plaintiff requested information related to safety testing performed by Defendant, studies with respect to the causation of dryer fires, and prior complaints and litigation arising out of dryer fires. Plaintiff also requested that Defendant produce color photographs from its inspection of the property, its Rule 26 Disclosures (which still have not been produced), and interrogatory responses actually signed on behalf of Defendant.  Notwithstanding that these could have easily been produced, and should have been produced long-ago, Defendant has failed to produce any of the foregoing.

12.     On October 4, 2012, Defendant provided responses to Plaintiff's Second Request

for Production of Documents, however, Defendant failed to respond to the foregoing letter or provide any supplemental discovery. Accordingly, by correspondence dated October 17, 2012, we requested a time at which Defendant's counsel would be available to meet and confer regarding the disputed discovery.

13.    On October 25, 2012, counsel had a telephone conference to discuss the outstanding discovery. During the conference, we again advised that it was inappropriate for Defendant to unilaterally claim that certain documents were overly-broad and/or privileged without providing further information regarding the scope and nature of the potential response. We expressly advised Defense counsel, as recognized by Local Civil Rule 26.4(b), that only her client was in a position to identify the model numbers that were significantly similar to the ones at issue in this action. We further advised that we could think of no reason for withholding studies related to the safety of the dryers or the list that Defendant maintains of claims arising out of fires, when such information was apparently readily available.

14.    As a result of that conference and at the request of Defendant's counsel, the undersigned agreed to attend an in-person conference on November 1, 2012, to resolve these disputes and to discuss both parties' needs in order to complete discovery. Defense counsel, in turn, advised that she would confer with her client regarding the need to litigate liability, or whether the issues could be limited to damages. In addition, Defense counsel advised that she would respond to Plaintiff's September 4, 2012 letter prior to the date for the meeting and discuss, in good-faith, additional discovery that could be produced by Defendant.

15.    Unfortunately, the in-person conference was postponed due to Hurricane Sandy and the terrible impact it had on our area. Mindful of the recent disaster, by email dated November 6, 2012, we contacted Defendant's counsel regarding the upcoming discovery

deadline and rescheduling a time to discuss the outstanding discovery.   With the consent of Defendant's counsel, on November 19, 2012, we requested that the deadline for fact discovery be extended until March 1, 2013, which was graciously granted by this Court by Order dated November 20, 2012 (Doc. 18).

16.   Defendant has now advised, notwithstanding the prior agreement of counsel, that it will not respond to Plaintiff's deficiency letter and will not provide supplemental discovery. Instead, in a complete reversal of its prior representations, Defendant maintains that it has "made every attempt to respond to [Plaintiff's] requests" and has suggested that we proceed with the motion to compel.

17.   By letter dated December 6, 2012, we advised the Court of our efforts to resolve this dispute and received permission to filed the within motion in accordance with Local Civil Rule 37.2.  (Doc. 19).

<strong><u>DEFENDANT'S DEFICIENT DISCOVERY RESPONSES</u></strong>

**I.**   <u>**Initial Rule 26 Disclosures**</u>

18.   Notwithstanding the Court having held an Initial Conference in this matter in June, 2012, and numerous demands by Plaintiff, Defendant has failed to provide Initial Disclosures as required by Rule 26(a)(1)(A).  These demands are long overdue and Defendant has provided absolutely no basis for not producing same.  Accordingly, Plaintiff respectfully requests that Defendant be compelled to produce its Initial Disclosures within five (5) days of the date of the Court's Order.

**II.**   <u>**Interrogatory Deficiencies**</u>

19.   Interrogatory 3: **Identify all persons with knowledge of Defendant's sales, revenues and profits from the sale of all under the counter dryers from the year 2000 to the**

**present.**  Like many of its responses, Defendant simply objected to this demand as overbroad without providing any basis for same.  There is clearly no basis for claiming that identifying the person or persons with such knowledge is "overbroad" or "burdensome".  Moreover, this evidence will directly relevant to Plaintiff's claims in this action.  Plaintiff maintains, in part, that Defendant continued to sell the under-the-counter dryers at issue, notwithstanding knowledge that the appliances were dangerous.  The volume of sales for such products is directly relevant to Defendant's motive in failing to formally recall the products as well as the scope of its duty and the reasonableness of its conduct.  As such, Defendant should be compelled to produce the requested information.

20.  Interrogatory 6:  **Identify all persons with knowledge of all studies commissioned abroad and in the United States regarding safety testing or causation of dryer fires originating from units manufactured by the defendant.**  Defendant asserted numerous objections to the requested information and failed to identify any person with such knowledge.  The identify of persons with knowledge related to safety testing conducted by Defendant and/or dryer fire causation is clearly directly relevant to this action, where Plaintiff's damages were sustained as a result of a fire caused by Defendant's faulty product.  Clearly, evidence that demonstrates that Defendant was aware of the potential for fires in its under-the-counter dryer models and continued to sell and failed to issue appropriate warnings is relevant to this case.  There is simply no basis for claiming that such information is irrelevant.  To the extent that a time limitation is necessary, Plaintiff has agreed to limit the response to the period from 2000 to present.  Any objections on the basis of work-product and/or anticipation of litigation privilege are misplaced and, in any event, premature.  This request seeks information regarding "safety testing" and "causation of dryer fires" that Defendant would presumably have conducted

for reasons other than litigation. Nevertheless, without providing information regarding these studies, Defendant cannot carry its burden of demonstrating any privilege and is required to provide the requested information.

21.     Interrogatory 7: **Identify any and all changes made to the under the counter dryer model style involved in the first fire from 2004 to 2009.** Notwithstanding its objections, Defendant indicated that "no changes were made in the model GSEQ642AS2 in 2004." This response is ambiguous and Defendant has refused to provide clarification. If Defendant is contending that no change was made with respect to the stated model at any time during the period from 2004 through 2009, it should easily be able to indicate such. If changes were made after 2004, however, Defendant should identify those changes before the parties incur the expense of depositions and expert discovery.

22.     Interrogatory 8: **Identify any and all changes, if any, as to the under the counter dryer model involved in the second fire.** Defendant's response is ambiguous and objects to not having the full serial number notwithstanding the fact that it investigated both fires. Assuming its response that there have been no material changes with respect to the model component design, than it should be indicated if the design was discontinued at any time, whether before or after the second fire.

23.     Interrogatory 9: **Identify all documents reflecting all safety testing performed on the under the counter model dryers at issue, i.e. including those involved in the first and second fire.** Plaintiff seeks the identification of documents reflecting actual safety tests conducted on the product at issue, the under-the-counter dryers involved in the first and second fires as well as all other similar models. This request includes, without limitation, documents related to the testing conducted at the Lulea University of Technology and authored by Fredrik

Kogerfelt and Emelie Svensson, of which Plaintiff is aware. Defendant has refused to provide any response and, instead, indicated that it will provide a response after Plaintiff has identified a specific defect in the dryer at issue. This response is inappropriate and not in accordance with the Federal Rules of Civil Procedure. If Defendant is in possession of documents related to safety testing, it is obligated to identify them.

24.     Interrogatory 12: **With respect to any third-party examination of Defendant's under the counter model dryer involved in the first fire, please identify: a) their address and contact information; b) all communications with any parties identified herein; c) the dates on which any and all communications and inspections took place; and d) all documents that refer or relate thereto.** Defendant's reference to prior document responses is inappropriate and not in conformity with applicable Federal and Local Rules. Furthermore, no specific information was provided concerning these examinations. All subparts must be responded to and the specific documents identified in connection therewith.

25.     Interrogatory 13:   **State the identities and addresses of all experts and consultants used by Defendant to review and/or establish the safety of its under the counter dryers in any litigation, action or proceeding regarding the safety of its dryers.** Notwithstanding its objections, Defendant identifies only Carl King as an expert or consultant used "to review and/or establish the safety of its under the counter dryers in any litigation, action or proceeding." This is clearly untrue given the fact that Defendant has sent other engineers to Plaintiff's property in connection with both fires. This information is fully discoverable and any claim of privilege is unsupportable especially given the failure to identify the particular person and the basis for the claim of privilege.

26.     Interrogatory 16: **Please identify the names of all parties involved in any form**

of litigation or correspondence with Defendant relating to any product defect or damages arising out of a dryer fire from the period of January 1994 to the present. Defendant's response is incomplete and evasive. Defendant objected to the demand and than provided two other claims without indicating anything other than the names of Lydie Pierri'louis and Kathleen Skowyra had claims involving the subject dryer. There are numerous other dryers bearing different model numbers that are nearly identical in design and manufacture to the two (2) dryers at issue in this action and for which Defendant has been sued for damages arising out of dryer fires. It is clear that Defendant has artificially limited the scope of its disclosure based on an inappropriate limiting of the model numbers and the years of manufacture. Accordingly, Defendant should be compelled to provide information regarding all claims arising out of dryer fires.

27.     Finally, the interrogatory responses were not certified to by an officer or agent of the Defendant as required by Fed.R.Civ.P. 33.

III.   **Document Request Deficiencies**

28.     With respect to all document requests, Plaintiff has consistently requested an appropriate privilege log for all documents, or parts thereof, that Defendant has withheld on the basis of privileged and/or work product. To date, Defendant has failed to produce same notwithstanding its claim of privilege to numerous requests.

A.     **First Request for Production of Documents**

29.     Request 1: **A complete and true copy of any and all contracts or agreements entered into between Defendant and any other party to investigate and/or review the source of dryer fires on Defendant's behalf.**

9

30.    Request 2:  **A complete and true copy of any and all contracts or agreements entered into between Defendant and any other party hired to investigate the source of dryer fires as to units manufactured by Defendant or on Defendant's behalf.**

31.    Request 3:  **A complete and true copy of all memorandums, studies, reports and other related investigative materials addressing the source of dryer fires performed on Defendant's behalf.**

32.    With respect to requests 1, 2 and 3, as set forth above, Defendant's provided only the name of the company it hired to investigate the 2008 fire at Plaintiff's property.  Defendant did not provide a copy of the relevant agreement, however, and further refused to produce any discovery related to studies conducted on its behalf related to dryer fires on the basis that such discovery is "not relevant" and "overly broad."  Defendant's responses are patently deficient. Clearly, studies that Defendant conducted or was aware of related to fires originating in its dryers are related to this action.  If the information is too voluminous for Defendant to produce in total, it has an obligation to identify the field of responsive documents and work to discuss a reasonable scope for the production.  It is no sufficient to simply refuse to produce discovery that goes to the core of this action.

33.    Request 4:  **A complete and true copy of the entire claim and/or investigative file retained by Defendant or on Defendant's behalf by Defendant or any claims adjusting service concerning the 2004 dryer fire which occurred on the Oleg Cassini property.**  Defendant failed to provide the full and complete copy of the file related to the first dryer fire including, without limitation, the report of the engineer hired to investigate the claim at that time. Such documents must be produced.  Since it involves the same dryer model as the fire at issue in this litigation, this documentation is extremely relevant as are the photographs that were taken by

the engineer.

34.     Defendant's contention that it has produced its entire claim file related to the 2004 fire are belied by the limited records produced, which demonstrate that Robin Levy, a claims consultant and employee of Electrolux assigned the loss to Clinton Bodine at Crawford and Company for adjustment.  A letter from Mr. Bodine dated May 17, 2004 acknowledges that an inspection of the dryer was conducted on May 12, 2004 and attended by Terry Beckham of Pyrteck, Inc., their senior investigator as well as Fred Paul, the product safety manager for Electrolux.  The letter notes that "Mr. Paul and Mr. Beckham conducted an extensive scene investigation along with the product safety analysis, and the report will be forwarded to your attention".  (**Exhibit E**).   None of the foregoing reports involving the investigation of the dryer or scene were provided nor were any photos.  This information, including any other documents that have been wrongfully withheld from the claims file regarding the first fire, must be produced.

35.     Request 5:  **A complete and true copy of the entire claim and/or investigative file retained by Defendant or on Defendant's behalf by any claims adjusting service concerning the 2008 dryer fire which occurred on the Oleg Cassini property.**  Defendant has similarly failed to provide the full and complete copy of the file related to the 2008 dryer fire including, without limitation, the reports of Tom Bajzek, Raymond Negron, and Jonathan P. Derow, hired to investigate the second fire as well as any photographs taken by such individuals. Defendant has provided absolutely no basis for withholding these documents.

36.     Request 9:  **Copies of all photographs in Defendant's possession of the exterior and interior of Plaintiff's property and an indication of the date on which all photographs were taken and by whom.**  Defendant has failed to produce copies of all

photographs taken of Plaintiff's property including, specifically, those taken by Tom Bajzek, Raymond Negron, and Jonathan P. Derow. In addition, the photographs that have been produced are of poor quality. Accordingly, we have made numerous requests that better quality, color photographs be produced or that same be produced electronically in color. The photographs of the dryer are extremely relevant, especially where, as here, Defendant's expert engineer was the first to inspect the dryer shortly after the fire.

37.     Request 12: **Copies of all complaints of any nature formal or otherwise including but not limited to correspondence filed against or sent to Defendant or any of Defendant's relevant entities for damages arising out of dryer fires or malfunctions of any nature.** Defendant replied that it was "undergoing a search to determine if there were any prior complaints." While asked repeatedly for the status and results of that search no relevant documents have been provided. Based on discovery in other actions, it appears that Defendant compiles charts and tracks fires related to its dryers and other products. Nevertheless, none of this information (which should be readily available to Defendant) has been produced. Defendant should be directed to supply this information and the search must include all dryer styles with similar components to the electric dryer involved in the 2004 and 2008 fire as well as all other similar or related model numbers.

38.     Request 13: **Copies of all responses to discovery demands filed in any other actions identified by Defendant's response to the previous request.** Defendant has objected on the basis that the request is overly broad without giving any indication as to the amount of potentially responsive documents. This response is inadequate. If Defendant will identify the other actions in which it has been involved related to electric dryer fires, we can limit this demand to only those cases. Further limitations may also be possible. However, Defendant's

blanket refusal to provide any information regarding the numerous actions in which it has been sued as a result of dryer fires has precluded any such compromise. As such, Defendant should be compelled to provide the requested discovery.

39. Request 14: **Copies of all notices and/or correspondence given to and/or received by Defendant advising Defendant of any dryer fires or malfunctions involving units manufactured by Defendant** .

40. Request 15: **Copies of all notices of claims or letters advising Defendant of fires or malfunctions which occurred involving dryers manufactured by Defendant or on Defendant's behalf.**

41. Defendant responded that it was "undergoing a search to determine" if there were any responsive documents. Despite numerous requests, Defendant has failed to produce any relevant documents and has simply advised that there have been no recalls of the relevant models for a three year period without defining what models it selected nor has it indicated claims of which it became aware of involving dryer fires whether or not they resulted in any damage. This search should include the dryers with the same model numbers as those involved in the 2004 and 2008 fires as well as all other similar or related model numbers. In addition, this search should not be limited in scope to the three (3) years prior to the 2008 fire, as proposed by the Defendant and should, at a minimum, include all responsive documents from 2000 to present.

42. Request 16: **Copies of all documentation supporting each and every defense asserted by Defendant.** Defendant objects that this request as burdensome. However, if Defendant intends to rely on any documents in support of its defense, it is required to produce them. If Defendant fails to provide responsive documents than it should be barred from producing same. If the Defense is to rely on its affirmative defenses asserted in the Answer that

13

the fire was somehow Plaintiff's fault, then Plaintiff is entitled to production of the documentary evidence which allegedly supports this information.  To not allow the Plaintiff to discover this evidence will result in a manifest injustice.

43.     Request 23:  **Copies of all claim books or other type of entries maintained to record all notices, notes and memoranda kept in the daily course of business concerning fires an/or malfunctions arising out of the use of dryers manufactured by Defendant.**

44.     Request 24:  **Copies of any and all recall notices for any dryers manufactured by Defendant.**

45.     As to requests 23 and 24, Defendant again indicated that it was "undergoing a search to determine" if there were any responsive documents.  Despite numerous requests, Defendant has failed to advise of the status of that search and has failed to produce any responsive documents.  For the reasons set forth above, this search should include the dryers with the same model numbers as those involved in the 2004 and 2008 fires as well as all other similar or related model numbers containing the same core mechanical drying elements.  In addition, this search should not be limited in scope to the three (3) years prior to the 2008 fire and should, at a minimum, include all responsive documents from 2000 to present; given the fact that the same dryer manufactured in 2003 having the same components also resulted in a spontaneous fire.

46.     Request 28:  **All documents identified, relied upon or consulted by Defendant in responding to Plaintiff's First Set of Interrogatories.**  Defendant failed to provide a response to this demand and did not provide any responsive documents.

B.     **<u>Second Request for Production of Documents</u>**

47.     Request 1:  **Record of the date of manufacture for Frigidaire Dryer Model #**

**GSU264AS** (with an express notation that the model number was obtained from Defendant's inspector and that information regarding similar dryers with different model numbers should be identified). Defendant simply objected on the basis that the model number was not an accurate model number. Defendant has inspected both dryers that were involved in fires on Plaintiff's property and is well presumably well aware of the correct model numbers for its own produces. Unfortunately, due to the extent of the damage caused by the fire, Plaintiff had to rely on the model numbers provided by receipts and/or service invoices. Rather than provide a good faith response to the demand, Defendant attempts to avoid its discovery obligations by claiming that the number provided is not accurate. This is clearly not in the spirit of the applicable rules of discovery including Local Civil Rule 26.4(b).

48.     Request 4: Seeks information regarding a study undertaken in or about 2006 in Australia by Electrolux concerning dryer fires and accumulation of lint in its machines. Defendant responds that it is not relevant to the facts of this case. Plaintiff will accept same if Defendant stipulates that lint accumulation was not a factor in the source of the fire in the instant matter. Otherwise, any documents gathered in connection with this study are highly relevant and at a minimum the findings of the report must be produced.

## SUMMARY OF DEFICIENCIES AND CONCLUSION

49.     As set forth in detail above, Defendant has refused to produce, among other things, color photographs of its inspection of the faulty dryer and the scene of the fire, which are necessary for Plaintiff's expert to review. Defendant has failed to identify all persons who inspected the incident and failed to produce a copy of their reports or investigation files. Defendant has failed to produce any discovery related to other actions and claims arising out of dryer fires. Most notably, however, Defendant has refused to produce any discovery related to

studies and investigations performed by Defendant into the cause of dryer fires and other claims arising out of defective dryer fires.

50.    The foregoing discovery is essential to Plaintiff's ability to prosecute this action and Defendant has provided absolutely no basis for failing to comply with these demands. Moreover, Defendant has avoided every opportunity to resolve these disputes and has, instead, misled Plaintiff into believing that it would comply with discovery.  Based upon the foregoing, it is respectfully requested that Defendant be immediately directed to produce the following discovery:

51.    Defendant is to provide its Initial Rule 26 Disclosures immediately.

52.    Within ten (10) days, Defendant is to produce more specific responses to the above-referenced interrogatories signed and certified by an appropriate corporate representative.

53.    Within ten (10) days, Defendant is to produce more specific responses to Plaintiff's document demands and the documents responsive thereto, including, without limitation:

- Color copies or JPEGs of all photographs taken in connection with the 2004 and 2008 fires;

- A complete list of all actions and claims related to fires from electric dryers manufactured by Defendant under any brand name or model number from 2000 to present;

- A complete list of all experts retained and studies commissioned by Defendant to investigate the cause of fires in electric dryers manufactured by Defendant under any brand name or model number from 2000 to present;

16

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Date:  December 18, 2012                     /s/ Nicholas A. Vytell
                                             Nicholas A. Vytell
                                             **CARROLL, MCNULTY & KULL LLC**
                                             120 Mountain View Boulevard
                                             Post Office Box 509
                                             Basking Ridge, New Jersey 07920
                                             (908) 605-2120

                                             570 Lexington Avenue, 8th Floor
                                             New York, New York, 10022
                                             (212) 490-0988
                                             nvytell@cmk.com
                                             Attorneys for Plaintiff