# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OLEG CASSINI, INC.,

                                 Plaintiff,

                  -against-

ELECTROLUX HOME PRODUCTS, INC. d/b/a
FRIGIDAIRE,

                              Defendant.
-----------------------------------------------------------------------X

**DEFENDANT
ELECTROLUX HOME
PRODUCTS, INC'S
RESPONSE TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

11-CV-1237

The Defendant, **ELECTROLUX HOME PRODUCTS, INC.,** by its attorneys, Goldberg Segalla LLP, as and for its Response to Plaintiff's First Set of Interrogatories sets forth the following:

## PRELIMINARY STATEMENT

1.    Electrolux has conducted in good faith a reasonable and diligent search to locate information responsive to these requests. Electrolux' search has not extended, nor can it reasonably be expected to extend, to all of the personnel, past and present, employed by Electrolux, nor any and all files, particularly given the unreasonably broad and burdensome scope of the information requested. These responses are therefore based on the present facts known or believed to be true by Electrolux at the time of these answers and they are also based on sources of information known or believed to exist within Electrolux' control and which have been reviewed or consulted to date.

{E0088456.1 }

2.    Electrolux continues to investigate the facts related to plaintiff's discovery requests. The following responses are believed to be accurate, based on information gathered for these responses as of the date on which these responses were served, and the responses are subject to modification and/or supplementation. Electrolux also expressly reserves the right to produce evidence regarding any subsequently discovered facts. Electrolux has attempted to respond in good faith but without waiving its objections.

## GENERAL OBJECTIONS

1.    Electrolux objects to plaintiff's instructions, definitions, and discovery requests to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and Local Rules.

2.    Electrolux objects to plaintiff's definition of "Electrolux" (definition 2), to the extent the definition includes "any affiliates and successors, assigns, agents, and any person or entity acting on its behalf." These responses are made on behalf of Electrolux Home Products, Inc. the defendant named in this case. Electrolux further objects to this definition on the grounds that the definition is vague, ambiguous, overly broad, impermissibly seeks to impose discovery obligations on persons or entities who are not parties to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Electrolux objects to the plaintiff's requests, instructions and/or definitions to the extent that they seek documents not within the possession, custody, or control of Electrolux and to the extent that they seek to require Electrolux to obtain responsive documents from individuals not currently employed by Electrolux and/or to create documents and/or lists not existing or already available. Electrolux will produce currently

{F0088456.1}

available materials that are in its custody which relate to the dryer model that is the subject of this litigation.

4.     Electrolux objects to plaintiff's Instruction 4 regarding document discovery.   Plaintiff's instructions regarding document discovery are overbroad and request information from sources which may not be reasonably accessible because of undue burden or cost.

5.     Electrolux objects to plaintiff's requests, instructions and/or definitions to the extent that they seek to discover information or documents protected by privilege (including, without limitation, the attorney-client privilege, self-critical analysis privilege, and the attorney-work product doctrine) or documents otherwise not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure.   Any inadvertent production of any such privileged or protected information or documents shall not constitute a waiver of any privilege or protection applicable thereto, or to any related information or documents, and anyone suspecting such an inadvertent production or disclosure by Electrolux is requested to bring it to the attention of the undersigned counsel forthwith and immediately return any such document or disclosure.

6.     Electrolux objects to plaintiff's Instruction 16 insofar as it requires Electrolux to provide information concerning the nonexistence of documents or documents not presently in Electrolux' possession, custody or control.   It would be unreasonably burdensome, if not impossible, to speculate about the location of nonexistent documents or documents not presently in Electrolux' possession, custody, or control.

7.    Neither the fact that Electrolux has responded, nor the responses themselves, constitute an admission or acknowledgement that plaintiff's requests, instructions and/or definitions are proper; that the information such requests, instructions and/or definitions requests seek is relevant, material, or otherwise within the proper bounds of discovery or admissible at trial; or that other discovery requests will be treated in a similar fashion.

8.    Electrolux reserves its right to object to the use or admissibility of any evidence at trial.

9.    Electrolux objects to plaintiff's requests, instructions and/or definitions to the extent that they assume facts that do not exist.

10.    Electrolux objects to plaintiff's requests, instructions and/or definitions to the extent that they seek the production of confidential, trade secret, or proprietary information of Electrolux, its predecessors, current or former employees and/or other individuals.   These General Objections and the Preliminary Statement are hereby incorporated by reference into each response set forth below.

## RESPONSES

1.    Identify all persons having knowledge of facts relevant to the claims and defenses of the parties in this litigation.

**RESPONSE:** Defendant objects to this demand as it is overbroad, vague, and ambiguous.  Defendant further objects to this Interrogatory to the extent that it seeks identification of counsel or the identification of people working under the supervision of counsel or for the assistance of counsel.  This response also includes but is not limited to Plaintiff and any and all individuals identified by Plaintiff as having knowledge of facts relevant to the claims and defenses in this litigation.  Subject to and without waiving the foregoing objections, the following individual may have knowledge about the claim being asserted:

Raymond Negron - claims adjuster for Crawford & Co.

Tom Bajzek - engineer retained by defendant to examine the product

2.      Identify all persons you intend to call at trial.

**RESPONSE:** Defendant states that it has not yet determined which persons it intends to call at the trial of this matter. Upon such determination, Defendant will supplement this request pursuant to the Federal Rules of Civil Procedure, Rules of Court, or any applicable scheduling order.

3.      Identify all persons with knowledge of Defendant's sales, revenues and profits from the sale of all under the counter dryers from the year 2000 to the present.

**RESPONSE:** Defendant objects to this demand as it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is confidential and proprietary and is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects as this request is not reasonably limited in time or scope to the extent that it seeks information relating to "under the counter dryers" other than the model which is at issue in the current litigation.

4.      Identify all persons with knowledge of the origination of the design of the under the counter dryer at issue.

**RESPONSE:** Defendant objects to this demand as it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is confidential and proprietary and is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Interrogatory is not limited in scope to the circumstances of alleged defect at issue in the current litigation. Subject to and without waiving the foregoing objection, the design of the "under the counter dryer" at issue was an ongoing evolution, making it impossible to identify persons with knowledge of the origination of the design.

Defendant further states that Carl King is the Product Safety Engineer for Defendant's Fabric Care products, who has knowledge of this product.

5.    Identify all persons with knowledge of all safety testing performed on the under the counter model dryer at issue.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is confidential and proprietary and is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, Carl King is the Product Safety Engineer for Defendant's Fabric Care products.

6.    Identify all persons with knowledge of all studies commissioned abroad and in the United States regarding safety testing or causation of dryer fires originating from units manufactured by the defendant.

**RESPONSE:.** Defendant objects to this demand as it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is confidential and proprietary and is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to the extent this Interrogatory is not limited in time or scope to the unit model at issue in the current litigation.  Defendant further objects to the extent that this Interrogatory seeks information within the possession, custody or control of third parties and which is equally accessible to Plaintiff.   Defendant objects to the extent the Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product doctrine.

7.    Identify any and all changes made to the under the counter dryer model style involved in the first fire from 2004 to 2009.

**RESPONSE:** Defendant objects to this demand as it is vague, ambiguous, overbroad, unduly burdensome is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  It is unclear what is meant by the phrase "under the counter dryer model style" which appears to

{E0088456.1 }

encompass more than the model at issue.  Defendant further objects to the extent this Interrogatory seeks information unrelated to any alleged defect in the unit at issue in the current litigation.  Subject to and without waiving the foregoing objections, no changes were made in the model GSEQ642AS2 in 2004.

8.    Identify any and all changes, if any, as to the under the counter dryer model involved in the second fire.

**RESPONSE:** Defendant objects to this demand as it is vague, ambiguous, overbroad, unduly burdensome is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects as this request calls for speculation. Without positive identification of the serial number or complete model number on the unit at issue it is impossible to accurately identify any and all changes and whether they occurred before or after the dryer model at issue was involved in the second fire.  Subject to and without waiving the foregoing objections, upon information and belief that the dryer involved in the second fire was a GSEQ642AS2 and no subsequent changes have been made.

9.    Identify all documents reflecting all safety testing performed on the under the counter model dryers at issue, i.e. including those involved in the first and second fire.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Defendant identifies that the overall design of the dryer at issue, including its component parts and types of materials used, are designed to meet the safety standards set forth in Underwriters Laboratories (UL) guidelines.  Upon identification of a specific defect and subject to an agreed protective order, applicable standard work charts will be produced.

10.    Identify all documents and evidence that supports defendant's contention that it was not negligent for the fires which occurred.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this demand as it calls for speculation, privileged work-product documents and seeks a legal conclusion.

11.    Identify all witnesses who have knowledge of the computation and existence of damages alleged by plaintiff in this action.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, and overbroad. This response also includes but is not limited to Plaintiff and any and all individuals identified by Plaintiff as having knowledge of the computation and existence of damages alleged in this litigation. Subject to and without waiving the foregoing objections, Raymond Negron from Crawford & Company initially adjusted the loss on Defendant's behalf. Further, the Defendant reserves it right to call an expert witness on the issue of damages. Upon such determination, Defendant will supplement this request pursuant to the Federal Rules of Civil Procedure, Rules of Court, or any applicable scheduling order.

12.    With respect to any third- party examination of Defendant's under the counter model dryer involved in the first fire, please identify: a) their address and contact information; b) all communications with any parties identified herein; c) the dates on which any and all communications and inspections took place; and d) all documents that refer or relate thereto.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome and calls for information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this demand because it seeks privileged information. Subject to and without waiving the foregoing objections, the name of the engineer that inspected the "first fire" was previously disclosed in Defendant's July 8, 2010 response to the plaintiff's First Request for Production of Documents.

13.    State the identities and addresses of all experts an consultants used by Defendant to review and/or establish the safety of its under the counter dryers in any litigation, action or proceeding regarding the safety of its dryers.

{E0088456 1 }

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome and is not limited in time or scope to the dryer model at issue in the current litigation and calls for information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that this Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product doctrine. Without waiving the foregoing objections, Carl King is the Product Safety Engineer for Defendant's Fabric Care products.

14.    State the names and addresses of any and all proposed expert witnesses, their field of expertise, and annex true copies of their curriculum vitae and/or resume and all written reports rendered to you or a written statement of any oral reports by any such proposed expert witnesses.

**RESPONSE:** Expert disclosure will be provided in accordance with the Federal Rules of Civil Procedure, Rules of Court or any applicable scheduling order.

15.    With respect to each expert expected to testify, set forth:

    a.    subject matter in which he/she is expected to testify:
    b.    the substance of the facts and opinions to which he/she is expected to testify; and
    c.    summary for the grounds for each opinion.

**RESPONSE:** See response to demand 14 above.

16.    Please identify the names of all parties involved in any form of litigation or correspondence with Defendant relating to any product defect or damages arising out a dryer fire from the period of January 1994 to present.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, unduly burdensome is not limited in time or scope to the dryer model at issue in the current litigation and calls for information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that this Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product

doctrine. Subject to and without waiving the foregoing objections, there have been four claims involving the subject model dryer : 1) Lydie Pierri'louis, 2) Oleg Cassini, Inc (2004), 3) Oleg Cassini, Inc. (2008), 4) Kathleen Skowyra.

17.     Identify all documents which Defendant will rely on at the time of trial in this action. If so and same has not been identified and provided in response to any previous interrogatory, please attach all copies hereto and describe.

   **RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, overbroad, and unduly burdensome.  Defendant objects to the extent the Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product doctrine. Defendant further objects to this demand because it is not a proper interrogatory request. Subject to and without waiving the foregoing objections, Defendant will produce documents in accord with the Rules of Federal Procedure, Rules of Court, or any applicable scheduling order.

18.     Please identify all persons from whom any statement or any other memorandum has been obtained from any person with knowledge of the facts relating to this case.  If so, please attach all copies hereto.

   **RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, and overbroad. Defendant objects to the extent the Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product doctrine. Defendant further objects to this demand because it is not a proper interrogatory request.

19.     Identify all persons who provided information, assisted, approved or were consulted in preparing response to Plaintiff's First Set of Interrogatories for Production of Documents.

   **RESPONSE:** Defendant objects to this demand because it is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks identification of counsel or identification of people working under the supervision

of counsel or for the assistance of counsel. Subject to and without waiving said objection, these responses are provided by Carl King, by and through counsel.

20.     Identify all persons who have evidence supporting Defendant's defenses to this action.

**RESPONSE:** Defendant objects to this demand because it is vague, ambiguous, and overbroad. Defendant objects to this demand because it is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent the Interrogatory seeks information obtained in anticipation of litigation and protected from discovery by the work-product doctrine.

21.     Identify all warranties and/or manufacturer's warranties and literature provided with the under the counter dryer involved in the 2008 fire at issue in this litigation.

**RESPONSE:** Defendant objects as this request calls for speculation. Without positive identification of the serial number or complete model number on the unit at issue it is impossible to accurately identify any and all warranties and/or manufacturer's warranties and literature provided with the "under the counter dryer" at issue in this litigation. Subject to and without waving the foregoing objection, upon information and belief that the dryer involved in the second fire was a GSEQ642AS2, Defendant will produce the accompanying warranties and literature.

Dated:      Mineola, New York
            October 6, 2011

                              Yours, etc,

                              GOLDBERG SEGALLA LLP

                              _Marianne Arcieri CC_

                              Marianne Arcieri (1707)
                              *Attorneys for Defendant*
                              200 Old Country Road, Suite 210
                              Mineola, New York 11501
                              (516) 291-9800

To:  REPPERT KELLY, LLC
     J Vincent Reppert, Esq.
     *Attorney for Plaintiff*
     POB 509
     Basking Ridge, New Jersey 07920
     908-605-21

{E0068456.1 }

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OLEG CASSINI, INC.,

                                   Plaintiff,

                      -against-

ELECTROLUX HOME PRODUCTS, INC. d/b/a
FRIGIDAIRE,

                                Defendant.
------------------------------------------------------------------------X

**DEFENDANT
ELECTROLUX HOME
PRODUCTS, INC'S
RESPONSE TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION OF
<u>DOCUMENTS</u>**

<u>Civil Action No.</u>:
11-CV-1237

        Defendant, **ELECTORLUX HOME PRODUCTS INC.,** (sued herein incorrectly as Electrolux Home Products, Inc. d/b/a Frigidaire) by their attorneys, Goldberg Segalla LLP, hereby submit the following response to Plaintiff's First Request For Production of Documents:

        1.    Defendant objects to this demand as it is not relevant and not reasonable calculated to lead to discoverable information.  However, without waiving this objection, Defendant retained Engineering Systems, Inc. (3851 Exchange Avenue, Aurora, Illinois) to investigate the 2008 fire at the plaintiff's home.

        2.    Defendant objects to this demand, as it is not relevant and not reasonably calculated to lead to discoverable information.

        3.    Defendant objects to this demand, as it is overly broad and too burdensome to respond to.

4.    Defendant objects to this demand as it seeks information that is not relevant to any issue in the present lawsuit and the 2004 claim was settled.  However, without waiving the objection attached hereto as exhibit A (bate #s 1-38) are the non-privileged portions of the claim file.

5.    Defendant objects to this demand as it seeks privileged information. However, without waiving the objection, attached hereto as exhibit B (bate #s 39-154) are the non-privileged portions of the claim file.

6.    Defendant objects to this demand as it seeks information that is not relevant and not reasonably calculated to lead to discoverable information.  The claim for the 2004 fire was resolved.

7.    Defendant objects to this demand, as it is overly broad and vague. However, without waiving the objection the Defendant is aware of the following individuals who inspected the property and dryer:

Tom Bajzek, Engineering Systems, Inc.

Raymond Negron, Crawford & Company

8.    See response to number 7 above.

9.    Defendant objects to this demand as it seeks material prepared in anticipation of litigation.  However, without waiving the foregoing objection, attached hereto as exhibit B are the photographs taken by Crawford appraiser Raymond Negron on February 2, 2009.

10.    Defendant objects to this demand as it seeks material prepared in anticipation of litigation.  However, without waiving the foregoing objection, attached hereto as exhibit C (bate #s 155-237) are the non-privileged portions of the claims file for the 2008 fire, which contains an estimate for the property damage.

11.    Defendant objects to this demand as it is not relevant and not reasonably calculated to lead to discoverable information and the information is privileged.  The demand is also overly broad.  The defendant already provided the name of the engineer that inspected the dryer.

12.    Defendant objects to this demand because it is overly broad.  However, without waiving the foregoing objection, defendant is undergoing a search to determine if there were any prior complaints for the subject model dryer for three years prior to the fire.

13.    Defendant objects to this demand because it is overly broad, too burdensome to obtain and not relevant to the subject lawsuit.

14.    Defendant objects to this demand because it is overly broad.  However, without waiving the foregoing objection, defendant is undergoing a search to determine if there were any prior written notices for the subject model dryer in the three years prior to the fire.

15.    Defendant objects to this demand because it is overly broad.  However, without waiving the foregoing objection, defendant is undergoing a search to determine if they were on notice of any fires involving the subject model dryer in the three years prior to the fire.

16.    Defendant objects to this demand because it is overly broad and vague.

17.    Defendant is not aware of any witnesses to the fire.  The names of the consultants the defendant retained to adjust the loss and inspect the dryer have already been disclosed.

18.    Defendant is not in possession of any such documents.

19.    Plaintiff is already in possession of these documents.

20.    Defendant did not prepare an accident report in the regular course of its business with respect to the 2008 fire.

21.    A copy of the Crawford & Company appraisal is annexed hereto as exhibit C.

22.    The names have been provided in the responses above. Defendant objects to the disclosure of the consultant's reports and notes, as those documents are privileged because they were prepared in anticipation of litigation.

23.    Defendant objects to this demand, as it is overly broad. However, without waiving the foregoing objection, defendant is undergoing a search for any notices of fires occurring in the 3 years prior to the 2008 fire for the subject dryer model.

24.    Defendant objects to this demand, as it is overly broad. However, without waiving the foregoing objection, defendant is undergoing a search for any recall notices issued prior to 2008 for the subject dryer model.

25.    To be provided.

26.    Defendant is undergoing a search to determine if the product literature for the dryer involved in the 2004 still exists. If any product literature is found, it will be disclosed.

27.    To be provided.

**PLEASE TAKE NOTICE: Defendant reserves the right to supplement/amend**

**this response up to and including time of trial.**

Dated:  Mineola, New York
        October 6, 2011

                                            Yours, etc,

                                            **GOLDBERG SEGALLA LLP**

                                            Marianne Arcieri (1707)
                                            *Attorneys for Defendant*
                                            200 Old Country Road, Suite 210
                                            Mineola, New York 11501
                                            (516) 291-9800

TO:

**REPPERT KELLY, LLC**
J Vincent Reppert, Esq.
*Attorney for Plaintiff*
POB 509
Basking Ridge, New Jersey 07920
908-605-2120

570 Lexington Ave, 10th Floor
New York, New York 10022
212-490-0988
99531.1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

OLEG CASSINI, INC.,

      Plaintiff,

vs.                                                            11-CV-1237(AJN)(JCF)

ELECTROLUX HOME PRODUCTS, INC.,

      Defendant.

## DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Electrolux Home Products, Inc. ("Electrolux" or "Answering Defendant"), by and through its counsel, hereby responds to Plaintiff's Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

Electrolux has conducted, in good faith, a reasonable and diligent search to locate information responsive to these requests. Electrolux's search has not extended, nor can it reasonably be expected to extend, to all of the personnel, past and present, employed by Electrolux, nor any and all files, particularly given the unreasonably broad and burdensome scope of the information requested. These responses are therefore based on the present facts known or believed to be true by Electrolux at the time of these answers and they are also based on sources of information known or believed to exist within Electrolux's control which have been reviewed or consulted to date.

Electrolux continues to investigate the facts related to Plaintiff's discovery requests. The following responses are believed to be accurate, based on information gathered for these responses as of the date on which these responses were served and the responses are subject to modification and/or supplementation. Electrolux expressly reserves the right to produce evidence regarding any subsequently discovered facts. Electrolux has attempted to respond in good faith, but without waiving its objections.

## GENERAL OBJECTIONS

These general objections apply to each response to a discovery request and thus, for convenience, are not repeated after each request, but rather are set forth herein and are hereby incorporated into each answer. The assertion of the same, similar or additional objections or the provision of partial answers in the individual responses to these requests does not waive or modify any of Electrolux's general objections as set forth below.

1.      Electrolux objects to any discovery request that may elicit information subject to the attorney-client privilege, attorney work product doctrine, other applicable privileges, or is otherwise protected from disclosure. Any inadvertent production of any such privileged or protected information or documents shall not constitute waiver of any privilege or protections applicable thereto, or to any related information or documents, and anyone suspecting such an inadvertent production or disclosure by Electrolux is requested to bring it to the attention of the undersigned counsel forthwith and immediately return any such document or disclosure. Electrolux reserves the right to object to the introduction of evidence before the Court at any time before or at trial of information that is privileged or protected under law and that has been revealed or produced inadvertently. Electrolux does not, by these answers, waive any claim of privilege, attorney work product or applicable protection.

2

2.    Electrolux objects to any discovery request that may seek information regarding work or testing performed by consulting or non-testifying experts, which is protected from disclosure by Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

3.    Electrolux objects to each discovery request to the extent it seeks information equally available to Plaintiff.

4.    Electrolux objects to these request to the extent they seek the production of "any," "all," or "relating to" with respect to document or the like on the grounds that such requests are vague, broad and unduly burdensome and request information that is not relevant to the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

5.    Electrolux objects to the Plaintiff's requests and instructions and/or definitions to the extent they seek documents not within the possession, custody, or control of Electrolux and to the extent that they seek to require Electrolux to obtain responsive documents from individuals not currently employed by Electrolux and/or to create documents and/or lists not existing or already available.  Electrolux will produce currently available materials that are in its custody which relate to the dryer at issue in this litigation.

6.    Electrolux objects to Plaintiff's requests insofar as they require Electrolux to provide information concerning the nonexistence of documents or documents not presently in Electrolux's possession, custody or control unless Electrolux comes upon specific knowledge of any particular information regarding the nonexistence of a document or documents.  It would be unreasonably burdensome, if not impossible, to speculate about the nonexistent document or documents not presently in Electrolux's possession, custody, or control.

7.     Electrolux objects to each discovery request to the extent that it is vague and ambiguous, such that Electrolux is unable to discern the meaning of a particular request or phrases or words used therein.   Where possible, Electrolux will respond based upon its understanding.

8.     Electrolux objects to these requests to the extent they seek information which is neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Electrolux objects to these requests to the extent Plaintiff's requests seek information which Electrolux considers to be confidential or proprietary, including trade secrets or other confidential research, development, or commercial information.

10.     Electrolux has not yet completed its investigation of the facts pertaining to this action, review of documents, discovery, or preparation for trial.   Electrolux reserves the right to rely on any facts, documents, or other evidence which may develop or come to Electrolux's attention at a later time.

11.     Electrolux objects to these requests to the extent they seek to impose obligations upon Electrolux greater that those imposed by the Federal Rules of Civil Procedure, the Local Rules of Court, or any applicable Court orders.

12.     Neither the fact that Electrolux has responded, nor the responses themselves, constitute an admission or acknowledgement that Plaintiff's requests, instructions, and/or definitions are proper, that the information such requests, instructions and/or definitions seek is

relevant, material or otherwise within the proper bounds of discovery or admissible at trial; or that other discovery requests will be treated in a similar fashion.

13.     Electrolux objects to the production of information that is in the possession of its attorneys as being overly broad to the extent that its attorneys have information belonging to other parties available to them that does not belong to Electrolux.

14.     Electrolux objects to Plaintiff's requests, instructions and/or definitions to the extent that they assume facts that do not exist.

15.     Electrolux objects to Plaintiff's requests to the extent the burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the importance of the issues at stake in this action, and the importance of this discovery in resolving the issues.

16.     These objections are subject to, and without waiver of:

   a.     The right to object to other discovery directed to the subject matter of the discovery requests or Electrolux's answers;

   b.     The right to make additional or supplementary objections; and

   c.     The right to revise, correct, supplement or clarify these responses in accordance with the Federal Rules of Civil Procedure and/or Local Rules of this Court.

17.     Electrolux states that, to the extent documents are withheld, it will provide a standard privilege log containing a sufficient description to identify each document or

communication, its date, the authors and the persons to whom it was addressed and/or copied, and the basis for Electrolux's claim of privilege for any responsive, yet privileged documents.

Unless otherwise noted, the General Objections and Preliminary Statement are asserted in response to each Request.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Records of the date of manufacture of Frigidaire Dryer Model # GSU264AS.

**RESPONSE:** In addition to the general objections, Electrolux objects to this request on the grounds that the dryer model number identified is not an Electrolux dryer model number.  If Plaintiff identifies the correct model number, Electrolux will search for and provide any documents responsive to this request.

2.      All records pertaining to anything in the mechanism of the dryer conducive to combustibility [as the underlined terms are defined herein, as follows: … Combustibility means fire or overheating of the mechanism in normal use with normal maintenance.].

**RESPONSE:** Without waiving its objections set forth above, Electrolux states that it is unaware of a mechanism of the dryer conducive to combustibility in normal use with normal maintenance consistent with the instructions and warnings which accompany the dryer.

3.      Schematic and/or diagram with list of parts keyed thereto, for the dryer model described in Request No. 1, supra (the 2008 fire) and for the dryer involved in the 2004 fire which involved Model # GSEQ642AS, Serial # XD31507838 (120/208 VAC 60 H2 1 AMPS).

**RESPONSE:** Electrolux objects to producing documents in response to this request to the extent that the request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not confined to dryers of the same model or family as

6

the dryer involved in this litigation.  Further, Electrolux objects to the Request as overly broad and unduly burdensome.  Electrolux also objects to this request on the grounds that the dryer model number identified in Request No. 1 is not an Electrolux dryer model number.  Further, Electrolux states that to the extent there are any documents responsive to the Request they contain proprietary and trade secret information and, therefore, Electrolux objects to the production of such documents prior to the entry of a protective order in this case.  Without waiving its objections, Electrolux states that it is searching for and will produce the owner's manual, installation instructions, operating instructions, factory parts catalog and wiring diagram for dryer model GSEQ642AS and the other dryer model, once properly identified.  If Plaintiff is seeking engineering design drawings and specifies a particular part(s) at issue, Electrolux will produce the responsive engineering design drawings subject to an appropriate protective order.  These responses are served at this time to preserve objections in timely fashion.

4.      With specific reference to the development of the 'Common Platform Dryer' in or about the year 2006 (undertaken in Australia in Adelaide and at the Beverly Dryer Plant), all records pertaining to the project insofar as same addressed lint (as a dry fuel) catching fire in dryers made by or for Electrolux, specifically, the records referencing the problems faced and proposed solutions thereof.

**RESPONSE:** Electrolux objects to the Request as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not confined to dryers of the same model or family as the dryer involved in this litigation. Further, Electrolux objects to the Request as overly broad and unduly burdensome as the burden and

expense of responding to the request outweighs its likely benefit, in that it would require a time-consuming and disproportionately expensive search of documents which are not relevant to the facts of this case. Further, Electrolux states that plaintiff has made no specific allegation of defect, failure mode or fire causation in this case that relates to the request made herein. Subject to and without waiving these objections, Electrolux states that it has no documents regarding the development of the "Common Platform Dryer" in or about the year 2006 (undertaken in Australia in Adelaide and at the Beverly Dryer Plant).

5.    Any and all reports generated from Jonathan P. Derow subsequent to his inspection of plaintiff's property in or about July 8, 2011. .

**RESPONSE:** Electrolux will make expert disclosures in accordance with the Case Management Plan and applicable rules of civil procedure.

Dated:  October 4, 2012

                      GOLDBERG SEGALLA LLP

                      By
                         John F. Freedenberg
                         665 Main Street, Suite 400
                         Buffalo, New York 14203
                         (716) 566-5400
                         jfreedenberg@goldbergsegalla.com

                      Ellen H. Greiper
                      100 Garden City Plaza, Suite 225
                      Garden City, New York 11530
                      (516) 281-9800
                      egreiper@goldbergsegalla.com

                      *Attorneys for Defendant Electrolux Home Products, Inc.*

# Exhibit D

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, New Jersey 07920

908 848 6300 PHONE
908 848 6310 FAX

570 Lexington Avenue
8th Floor
New York, New York 10022

212 252 0004 PHONE
212 252 0444 FAX

*Nicholas A. Vytell, Esq.*
*Direct Dial 908.848.1231*
*nvytell@cmk.com*

September 4, 2012

**VIA EMAIL & REGULAR MAIL**
Ellen H. Greiper, Esq.
Goldberg Segalla, LLP
100 Garden City Plaza, Suite 225
Garden City, New York 11530-3203
egreiper@goldbergsegalla.com

Re:   *Oleg Cassini, Inc. v. Electrolux Home Products, Inc. d/b/a Frigidaire*
       United States District Court for the Southern District of New York
       Civil Action No.:  11 Civ. 1237 (AJN)(JCF)

Dear Ms. Greiper:

As you know, we, along with the law firm of Reppert Kelly, LLC, represent Plaintiff Oleg Cassini, Inc. ("Plaintiff" or "OCI") in connection with the above-referenced action. Please accept this as our good-faith attempt to resolve the dispute regarding the patent deficiencies in Defendant Electrolux Home Products, Inc's ("Defendant" or "Electrolux"), responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

As set forth in detail below, your clients' responses are, at best, incomplete and evasive. Defendant's numerous objections on the basis that the information requested is not relevant and its unilateral attempt to limit discovery in this action to the particular dryer models involved in the 2004 and 2008 fires at Plaintiff's property are baseless and a thinly-veiled attempt to hide the now widely-known issues with your client's dryers.

As you know, the dryer in the instant matter was less than four years old when the second fire occurred involving the same Electrolux style and mechanical "design" even though the products had different model numbers. Prior to that, our client had a fire in 2004 involving an earlier model of Defendant's product. In fact, as early as 2003, the Consumer Product Safety Commission was reporting dryer fires in connection with identical dryer designs. Accordingly, an attempt to artificially limit the time-period for Defendant's responses is unavailing and in bad-faith.

Similarly, Defendant's attempt to limit its responses to dryers with the specific model number involved in this action is inappropriate. As you know, model numbers are regularly changed based upon differences in color or other features that are wholly unrelated to overall design of the product. Accordingly, nearly the exact same product may have a different model

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

Ellen H. Greiper, Esq.
September 4, 2012
Page 2 of 5

number. Defendant must, therefore, conduct a good-faith search for not only the involved models, but any related styles which differ in minor, non-essential respects and identify which models it excluded from its search. This is not a burdensome request as it is clear that Electrolux tracks the fires and keeps charts pertaining to its dryers where fires have been reported.

Clearly, Defendant's knowledge of fires involving its dryers and studies undertaken to address the source of dryer fires on its behalf are extremely relevant. Unless Defendant is prepared to assume liability, this information becomes critical to this litigation and must be produced. Similarly, Plaintiff is entitled to a listing of all lawsuits and claims brought against Electrolux with regard to dryer fires. We will not waive these demands and will seek a court order to compel this information if necessary.

## RESPONSES TO INTERROGATORIES

With respect to interrogatory 3, Defendant was asked to identify "all persons with knowledge of Defendant's sales, revenues and profits from the sale of all under the counter dryers from 2000 to present." Defendant's objections are misplaced. As you know, this action involves a fire that was the result of a failure with one of Defendant's under-the-counter dryers. In addition, there was a prior fire at the same property with respect to another version of Defendant's under-the-counter dyer. Plaintiff maintains, in part, that Defendant continued to sell these types of dryers, notwithstanding knowledge that the appliances were dangerous. Accordingly, the volume of sales for such products is directly relevant to Defendant's motive in failing to formerly recall the products as well as the scope of its duty and the reasonableness of its conduct. Moreover, there is no basis for claiming that it is overly burdensome to identify the person or persons with such knowledge.

With respect to interrogatory 6, Defendant was asked to identify "all persons with knowledge of all studies commissioned abroad and in the United States regarding the safety testing or causation of dryer fires originating from units manufactured by the [Electrolux]." The identity of persons with such information is directly relevant to Plaintiff's contention that Defendant was aware of the potential for fires in its under-the-counter dryer models and similarly mechanically designed units; however, continued to sell and failed to issue appropriate warnings. Any studies conducted by Defendant or at Defendant's direction with respect to the particular model(s) at issue as well as similar models are directly relevant to these claims. To the extent that a time limitation is necessary, Defendant can limit its response to studies completed or undertaken from the period from 2000 to present. Defendant's objections on the basis of work-product and/or anticipation of litigation privilege are misplaced and, in any event, premature. This request seeks information regarding "safety testing" and "causation of dryer fires" that Defendant would presumably have conducted for reasons other than litigation. Nevertheless, without providing information regarding these studies, Defendant cannot carry its burden of demonstrating any privilege and is required to provide the requested information.

With respect to interrogatory 7, notwithstanding its objections, Defendant indicates that "no changes were made in the model GSEQ642AS2 in 2004." This response is ambiguous. If Defendant is contending that no mechanical design change was made with respect to the stated

Ellen H. Greiper, Esq.
September 4, 2012
Page 3 of 5

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

model at any time during the period from 2004 through 2009, please indicate as such. By "mechanical design" we are referring to changes other than those made for appearance aesthetics such as color. Otherwise, please identify any changes made to the similarly mechanically designed models during that time period.

Similarly, with respect to interrogatory 8, Defendant's response is ambiguous. Please confirm that no changes have been made with respect to Model No. GSEQ642AS2 and its similarly designed units at any time, whether before or after the second fire.

With respect to interrogatory 9, Plaintiff seeks the identification of documents reflecting actual safety tests conducted on the product at issue, the under-the-counter dryers involved in the first and second fires as well as all other similar models. This request includes, without limitation, documents related to the testing conducted at the Lulea University of Technology and authored by Fredrik Kogerfelt and Emelie Svensson. If Defendant contends that it did not conduct any safety tests, please confirm this. Otherwise, kindly identify the documents responsive to this request.

With respect to interrogatory 12, Defendant's reference to prior document responses is inappropriate and not in conformity with applicable Federal and Local Rules. Kindly provide the information requested.

With respect to interrogatory 13, notwithstanding its objections, Defendant identifies only Carl King as an expert or consultant used "to review and/or establish the safety of its under the counter dryers in any litigation, action or proceeding." Please confirm that it is Defendant's position that it has not used any other experts or consultants. Otherwise, please identify such additional persons as requested. Any claim that such information is privileged or otherwise undiscoverable is baseless and, in any event, unsupportable without identifying the particular person and the basis for the claim of privilege.

With respect to interrogatory 16, Defendant's response is incomplete and evasive. As you certainly are aware, there are numerous other dryers bearing different model numbers that are nearly identical in design and manufacture to the two (2) dryers at issue in this action. Accordingly, please provide the requested information regarding any dryer fires during the specified period.

Finally, the interrogatory responses have not been certified to by an officer or agent of the Defendant as required by Fed.R.Civ.P. 33. Kindly provide an appropriate certification from your client.

## RESPONSES TO DOCUMENT REQUESTS

With respect to requests 1, 2 and 3, as set forth above, Defendant's attempt to limit its response to this action or the particular model of dyer at issue is inappropriate. If Defendant hired any other company to investigate or review the source of dryer fires it must identify such documents in response to this request.

Ellen H. Greiper, Esq.
September 4, 2012
Page 4 of 5

**CMK** CARROLLMCNULTYKULL LLC
COUNSELLORS AT LAW

     With respect to request 4, Defendant has failed to provide the full and complete copy of the file related to the 2004 dryer fire including, without limitation, the report of the engineer hired to investigate the claim at that time. Such documents must be produced. Accordingly, Plaintiff renews its request for the full and complete file. In addition, if Defendant intends to claim that any portion of the file is privileged, please provide an appropriate privilege log.

     With respect to request 5, Defendant has failed to provide the full and complete copy of the file related to the 2008 dryer fire including, without limitation, the reports of Tom Bajzek, Raymond Negron, and Jonathan P. Derow, hired to investigate the claim as well as any photographs taken by such individuals. Such documents must be produced. Accordingly, Plaintiff renews its request for the full and complete file. In addition, if Defendant intends to claim that any portion of the file is privileged, please provide an appropriate privilege log.

     With respect to request 9, Defendant has failed to produce copies of all photographs taken of Plaintiff's property including, specifically, those taken by Tom Bajzek, Raymond Negron, and Jonathan P. Derow. In addition, those photographs that have been produced are of poor quality. Accordingly, we hereby demand that better quality, color photographs be produced or that same be produced electronically in color, preferably by way of jpegs on a disk.

     With respect to request 12, Defendant indicated that it was "undergoing a search to determine if there were any prior complaints." Kindly advise as to the status of that search and produce a copy of any and all complaints against Defendant arising out of dryer fires. For the reasons set forth above, this search should include the dryers with the same model numbers as those involved in the 2004 and 2008 fires as well as all other similar or related model numbers.

     With respect to request 13, Defendant has objected without giving any indication as to the amount of potentially responsive documents. Along with the list of other litigations as requested above, please provide an indication as to the volume of the discovery responses related thereto. Otherwise, kindly provide the requested documents.

     With respect to requests 14 and 15, Defendant indicated that it was "undergoing a search to determine" if there were any responsive documents. Kindly advise as to the status of that search and produce a copy of any such documents. For the reasons set forth above, this search should include the dryers with the same model numbers as those involved in the 2004 and 2008 fires as well as all other similar or related model numbers. In addition, this search should not be limited in scope to the three (3) years prior to the 2008 fire and should, at a minimum, include all responsive documents from 2000 to present.

     With respect to request 16, Defendant's objection is misplaced. If Defendant intends to rely on any documents in support of its defense, it is required to produce them. Kindly confirm that Defendant does not intend to rely on any documents. Otherwise, provide any responsive documents.

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

Ellen H. Greiper, Esq.
September 4, 2012
Page 5 of 5

With respect to request 23 and 24, Defendant indicated that it was "undergoing a search to determine" if there were any responsive documents. Kindly advise as to the status of that search and produce a copy of any such documents. For the reasons set forth above, this search should include the dryers with the same model numbers as those involved in the 2004 and 2008 fires as well as all other similar or related model numbers. In addition, this search should not be limited in scope to the three (3) years prior to the 2008 fire and should, at a minimum, include all responsive documents from 2000 to present.

With respect to request 28, Defendant failed to provide a response. Kindly provide an appropriate response and any responsive documents.

Kindly provide your clients' supplemental discovery responses addressing the above-referenced issues within ten (10) days of this letter in order to avoid an appropriate motion to compel. In addition, Electrolux has, to date, failed to provide its initial Rule 26 Disclosures. Obviously, these are far overdue and we demand that they be immediately produced. If it is Electrolux's position that it will not be producing any additional documents, I suggest that we arrange to schedule a call with chambers to address these issues and motion scheduling.

Finally, enclosed please find Plaintiff's Second Request for Production of Documents. Kindly provide your client's responses in the time permitted by the Federal Rules of Civil Procedure.

Thank you for your anticipated attention to this matter. Should you have any questions or wish to further discuss this matter, please do not hesitate to contact us.

Kind Regards,

CARROLL, MCNULTY & KULL, LLC

Nicholas A. Vytell

Enclosure

cc      J. Vincent Reppert, Esq. (via email only)

# Exhibit E



**Crawford**®
C. V. Bodine, Jr.
Branch Manager

May 17, 2004

ELECTROLUX
18013 CLEVELAND PARKWAY
SUITE 100
CLEVELAND, OH 44135
ATTENTION: ROBIN S. LEVY

| RE: | Claim #: | 15025 |
| --- | --- | --- |
| | Insured: | Electrolux |
| | Claimant: | Oleg Cassini |
| | DOL: | 4/26/04 |
| | Our File #: | 985-29512-AS |

Dear Ms. Levy:

Allow this to supplement our previous correspondence and to serve as a status report on the above-captioned claim.

Due to the facts surrounding this event in question, we must report our findings to your attention accordingly.

**REMAINING ACTIVITY:**

1. Conduct inspection-loss location.
2. Obtain statement-claimant.

**INSPECTION-LOSS LOCATION:**

This office conducted an inspection of the loss location, the Cassini Estate, 313 Macbomes Lane, Oyster Bay, New York. We were assisted by Terry Beckham of Pyrtech, Inc., their senior investigator, and by Fred Paul, the Product Safety Manager for Electrolux. We were presented with photographs of the loss site in question, the laundry room.

The laundry room had visible signs of a dryer removed and burn marks along the side wall. The floor was made of tile, yet showed no signs of damage as a result of the fire. We saw no smoke damage along the walls of the laundry room and/or kitchen.

---

45 Broadway, 27th Floor ■ New York, NY 10006 ■ (212) 635-0745 ■ Fax (212) 635-0891

00031
Defendant

Page Two
File #: 985-29512-AS
May 17, 2004

Enclosed for your review and analysis are the photographs obtained of this loss
site in question.

Please note that Mr. Paul and Mr. Beckham have conducted an extensive scene
investigation along with a product safety analysis, and their report will be
forwarded to your attention.

## STATEMENT-CLAIMANT:

This office did obtain a statement from the claimant's gardener, Chris Carter.
Mr. Carter is a 24-year old male who resides in the estate.

Mr. Carter indicated that it was brought to his attention that there was smoke in
the laundry room. When he entered, he saw black smoke coming out of the
dryer. There was no load of laundry being processed in the dryer at this time.

The Fire Department was called, the fire was extinguished and the unit was
taken out. No one was injured as a result of this event.

Mr. Carter indicated that the dryer was installed one year ago, and it had no
problems. At the time of the event, the dryer was not fastened to an extension
cord, and Mr. Carter is unaware of the exact prong type for the unit. The smoke
went into the washer room and then went into the kitchen. The floor was made
of tile and was not damaged as a result of this event.

In regards to other facts surrounding this event in question, Mr. Carter had no
further knowledge.

Enclosed for your review and analysis is a copy of the recorded statement along
with a Summary from Mr. Carter.

## STATEMENT-CLAIMANT EMPLOYEE:

This office obtained a statement from the claimant employee, Luce Marina Diaz.
She resides at 474 Chester Street, Uniler, New York 11553. She is Mr. Cassini's
head housekeeper.

Ms. Diaz indicated that although she was not there the day of the event, she
inspected the site the next day and found extensive smoke damage and fire
damage to the side dryer wall unit. She did confirm the fact that the Fire

Page Three
File #:  985-29512-AS
May 17, 2004


Department was called.  She did indicate, however that the dryer was installed one year ago by repair service technicians from P.C. Richards.  Ms. Diaz indicated that no one was injured as a result of the event.

During the statement, Ms. Diaz was informed by the claimant's secretary, Mary Ann Nestor, not to further cooperate with the undersigned and to discontinue the statement session at one.

Enclosed for your review and analysis is a copy of the recorded statement and Summary from Ms. Diaz.

**FIRE REPORT**:

This office is now in the process of obtaining a copy of the fire report.  Upon obtaining such documentation, we shall bring this matter to your attention accordingly.

**REMAINING ACTIVITY**:

1.  Obtain public documentation.

**REMARKS**:

At this time, this office is placing this file on a 30-day diary.  Should you have any questions or concerns, please do not hesitate to contact this office at **(212) 589-4846**.

Very truly yours,

CRAWFORD & COMPANY

Arthur Scullin
Adjuster

AS/pea

Enclosures:   Photographs-Location Scene
              Claimant Photographs
              Recorded Statement and Summary-Carter
              Recorded Statement and Summary-Diaz

00033
Defendant