UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. 11-1237(AJN)(JCF) |
| Plaintiff, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Oleg Cassin, Inc. ("OCI" or "Plaintiff"), is seeking basic discovery through Initial Disclosures, Interrogatories, and Document Demands that Defendant, Electrolux Home Products, Inc. ("Electrolux" or "Defendant"), has utterly failed to answer or has otherwise produced incomplete and evasive responses.

Pursuant to Fed.R.Civ.P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." It is clear that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, the moving party is entitled to the costs and fees associated with having to bring the application to compel. Id. at (a)(5).

It is clear that "[p]arties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action […]." Fed.R.Civ.P. 26(b)(1). "A request for discovery is considered relevant if 'there is any possibility that the information sought may be [applicable] to the subject matter of the action.'" DDS, Inc. v. Lucas Aerospace Power Transmission Corp., 182 F.R.D. 1 (N.D.N.Y. 1998).

In a product liability action, such as this, discovery is not limited solely to the model at

1

issue; rather courts have consistently held that documents pertaining to similar models having the same component parts or design elements must be produced.  As this Court noted in Fine v. Facet Aerospace Products Co., 133 F.R.D. 439 (S.D.N.Y. 1990), "[i]n product liability actions it is frequently difficult to judge which of a manufacturer's products are sufficiently similar to the allegedly defective product to be subject to discovery.  Generally, [therefore,] different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation."  Id. at 441.  See also Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122, 126 (S.D.N.Y. 1986)("discovery of similar, if not identical, models is routinely permitted in product liability cases.").

Similarly, studies conducted by the defendant with respect to the product at issue, as well as other similar models, are relevant and discoverable in a products liability action.  In Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y. 1986), this Court expressly held that both pre-manufacture and post-manufacture studies and testing on the allegedly defective product and other similar model numbers are discoverable.  Id. at 124-25.  The Court noted that such discovery may assist the plaintiff in developing evidence to establish that the product was defective and may also support an alleged failure to warn theory.  Id.  Moreover, a claim that production of such discovery will be "overly burdensome" without any basis for such a claim is insufficient to resist the production.  Id. at 126.

Here, Plaintiff seeks basic discovery regarding the product at issue and Defendant's investigation into the two fires at Plaintiff's property as a result of Defendant's produce.  Defendant has, nevertheless, refused to produce Initial Disclosures, documents, and interrogatory responses providing this most basic of discovery.  For months, Plaintiff has attempted to obtain complete copies of Defendant's investigation files for the first and second fires, to no avail.

Moreover, Plaintiff has requested on numerous occasions color copies of photographs taken by Defendant's investigators immediately after the fire of the scene and the dryer. These pictures are essential to the Plaintiff's expert's review of this case and Defendant has provided absolutely no basis for withholding same.

Moreover, Plaintiff has requested information regarding studies conducted by Defendant into the potential causes for fires in the dryer at issue, safety testing conducted by Defendant, and other claims arising out of dryer fires. Notwithstanding that there are numerous cases against Defendant arising out of this exact same issue and cases in which Defendant has been compelled to produce this type of discovery, Defendant has nevertheless resisted producing same. Any effort by Defendant to limit its discovery obligations by refusing to produce discovery regarding other, similar models or artificially limiting the time-period is unavailing and not in accord with the Federal Rules of Civil Procedure and the above-referenced cases.

To the extent that Defendant intends to contest liability in this action, Plaintiff is entitled to full and complete discovery regarding how the dryer was designed, manufactured and assembled, how the dryer operated, how the heating element interacted with the other components of the dryer, what testing was performed on the dryer, what tests were performed to ensure that the subject design was right for the application, etc. All of this information is relevant to the issues in this case, or, at the very least, may lead to the discovery of admissible evidence.

Finally, if Defendant intends to claim that any requested discovery is privileged, overly burdensome, or otherwise not subject to discovery, it has an obligation to come forward with more than a conclusory objection to that effect. Plaintiff has invited Defendant to discuss these issues on multiple occasions in order to work together to address any legitimate concerns

regarding confidentiality/privilege and, if necessary, to discuss a reasonable limitation to the scope of any requested production. Nevertheless, Defendant has refused to engage in this discussion and, instead, has elected to entirely ignore its discovery obligations. To date, Defendant has not even provided any indication as to the scope of the documents requested or any privilege log outlining its claims of privilege. As such, Defendant should not now be heard to argue that production is overly burdensome or inappropriate.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an Order compelling Defendant to provide discovery as more specifically set forth in the Declaration of Counsel filed herewith.

Respectfully Submitted,

**CARROLL, MCNULTY & KULL LLC**

Dated: Basking Ridge, New Jersey   By:   */s/ Nicholas A. Vytell*
December 18, 2012                          Nicholas A. Vytell, Esq.

120 Mountain View Boulevard
Post Office Box 509
Basking Ridge, New Jersey 07920
(908) 605-2120

570 Lexington Avenue, 8th Floor
New York, New York, 10022
(212) 490-0988
nvytell@cmk.com
Attorneys for Plaintiff