IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OLEG CASSINI, INC., <br> Plaintiff, <br><br> vs. <br><br> ELECTROLUX HOME PRODUCTS, INC. <br><br> Defendant | 11-CV-1237 (JCF)(EHG) <br><br> **AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

---

ELLEN H. GREIPER, ESQ., an attorney duly admitted to practice as such in the Courts of the State of New York hereby affirms the following based upon my knowledge of the file materials kept in my office.

1. I am a member of the firm of Goldberg Segalla LLP, and I make this Affirmation and Memorandum of Law in opposition to Plaintiffs Motion to Compel.

2. Initially, it is pertinent to note that this is the second litigation Plaintiff has commenced for the same damages alleged to have been sustained as a result of a 2008 fire at the Cassini residence. Plaintiff had initially brought this action in the Eastern District of New York bearing Civil number # 3641(09). As a result of the plaintiff's failure to complete discovery in a timely fashion within the Eastern District, Plaintiff requested extensions of discovery which ultimately were denied by United States Magistrate E. Thomas Boyle. The Court stated in their Order that Plaintiff was "litigating this matter on his own schedule rather than the Court's." The Plaintiff, faced with the inability to move forward, voluntarily discontinued the action in the Eastern District, subsequently bringing it again in the Southern District of New York.

3.  The Defendant, Electrolux, had previously provided timely responses to the Plaintiffs discovery requests in the first litigation. Electrolux has similarly provided timely responses to the same discovery requested in the instant litigation. It was not until one year after our responses were served in this second litigation, and only after numerous requests by the Defendant, Electrolux, to schedule deposition dates, that the Plaintiff decided Defendant's responses were inadequate. Accordingly, it is the position of Electrolux that these responses are deemed acceptable, in as much as no timely objections were made.

4.  Secondly, as will become evident, Plaintiffs requests for discovery are expansive and without any limitation in scope. Plaintiff has not provided the basis of his legal claims against Defendant, having objected to providing same in their responses to Defendant's interrogatories. The crux of the plaintiff's claims is necessary in order to properly define the scope of permissible discovery. Without this and without any limitation on Plaintiff's requests, Defendant is unable to fashion appropriate responses. Plaintiff has also asserted unfounded allegations about other dryers manufactured by Electrolux having also caused fires. Plaintiff has also erroneously described the discovery previously provided by Defendant, and numerous items requested by plaintiff have in fact been provided with prior responses. Finally, the Defendant has provided Plaintiff with its Rule 26 Disclosure and therefore that portion of the motion is moot and should be withdrawn.

## DEFENDANT'S DISCOVERY RESPONSES

Defendants will address each of the deficiencies claimed by Plaintiff.

## I. Initial Rule 26 Disclosures

5. Initially, Defendants have provided a Rule 26 Disclosure and as such that portion of plaintiffs motion is moot.

## II. Interrogatory Deficiencies

6. **With respect to interrogatory 3, Plaintiff has asked Defendants to identify all persons with knowledge of Defendant's sales, revenue and profits from the sale of all under the counter dryers from the year 2000 to the present.**

The sheer number of persons with knowledge of the sales and profits for all dryer products for the past 13 years could number in the thousands. Plaintiff has made no effort to limit this request to specific dryer models or to provide a time limit on the request. Conceivably, every store manager selling Electrolux dryers would have knowledge of sales, and there has been no attempt to limit at least the model from the hundreds of models of dryers manufactured. Defendant asserts that such a request is beyond that which the Federal Rules of Civil Procedure intended to be discoverable and should be limited in time or scope, since as presently written the request is impossible to respond to.

7. **With respect to interrogatory 6, Plaintiff has asked Defendants to identify all persons with knowledge of all studies commissioned abroad and in the United State regarding safety testing or causation of dryer fires originating from units manufactured by the Defendant.**

Once again, there is no limitation in scope or time for this request. Moreover "studies", as stated by plaintiff, may have been conducted by third parties, which Defendant is not aware of. The request is from the beginning to end of time. There is no limitation on models, instead it is a request for <u>all</u> units which may or may not share pertinent characteristics with the unit at issue. Moreover, information relating to this inquiry is

protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

8. **With respect to interrogatory 7, Plaintiff has asked for Defendants to identify any and all changes made to the under the counter dryer model style involved in the first fire from 2004 to 2009.**

Defendant reiterates that no changes were made to the model in question. Defendant had stated such in a previous response.

9. **With respect to interrogatory 8, Plaintiff has asked for Defendants to identify any and all changes, if any, as to the under the counter dryer model involved in the second fire.**

Due to the Plaintiff's placement of the subject dryer after the 2008 fire into the elements, the dryer and its component parts were subject to rain, sun and wind. It was barely recognizable at the time of the Defendants inspection, but upon information and belief the Defendant has assumed that the dryer model was GSEQ642AS2. Based on that on assumption, Defendant had stated that no changes were made.

10. **With respect to interrogatory 9, Plaintiff has asked for Defendant to identify all documents reflecting all safety testing performed on the under the counter model dryers at issue, i.e. including those involved in the first and second fire.**

Defendant has asserted that the unit and its component parts met the standard set by URL 2158. While this information is proprietary to the URL laboratories and is protected by copyright, Defendant attaches the Certificate rendered by Underwriters Laboratories Inc. provided after testing, as Exhibit "A".

11. **With respect to interrogatory 12, Plaintiff has asked Defendant to identify, with respect to any third-party examination of Defendant's, under the counter model dryer involved in the first fire: a) their address and contact information; b) all communications with any parties identified herein; c) the dates on which any and all communications and inspections took place; and d) all documents that refer or relate thereto.**

Defendant had previously the information concerning the identities of persons after the first 2004 fire. Pyrtech Inc, 6930 Honor Keith Road, Trussville Alabama 31573. No correspondence was issued and thus the response is in accordance with the request.

12. **With respect to interrogatory 13, Plaintiff has asked Defendant to state the identities and addresses of all experts and consultants used by Defendant to review and/or establish the safety of its under the counter dryers in any litigation, action or proceeding regarding the safety of its dryers.**

Defendant provided the name of Carl King, who is the Product Safety Engineer most familiar with this matter. Again, the request is without any limitation whatsoever on time and scope and therefore is not relevant to the issues at hand. Other litigations may involve dryers completely dissimilar to the one at hand, and therefore the interrogatory is a fishing expedition having no relevance to the legal theories in this litigation. Moreover, information relating to this inquiry is protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

13. **With respect to interrogatory 16, Plaintiff has asked Defendant to identify the names of all parties involved in any form of litigation or correspondence**

with Defendant relating to any product defect or damages arising out of a dryer fire from the period of January 1994 to the present.

Once again, there is no scope or limitation on the request, plaintiff is seeking 20 years of information without any limit on the type of dryer involved, which may be so dissimilar as to not warrant disclosure. Defendant had responded by providing the names of two other lawsuits within its knowledge. Moreover, information relating to this inquiry is protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

### III. Document Request Deficiencies

#### A. First Request for Production of Documents

14. **Request 1: A Complete and true copy of any and all contracts or agreements entered into between Defendant and any other party to investigate and/or review the source of dryer fires on Defendant's behalf.**

Once again, there is no limit on this request. Plaintiff seeks all contracts for parties investigating dryer fires, providing no model, serial number, type or time limitation. Moreover, such information is attorney client privileged, prepared in anticipation of litigation and work product protected. Plaintiff has not made any effort to show how any of their requests are for models similar to that involved in the instant lawsuit. If there are dissimilarities, then the discovery should not be permitted. Moreover, information relating to this inquiry is protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

15. **Request 2: A complete and true copy of any and all contracts or agreements entered into between Defendant and any other party hired to investigate the source of dryer fires as to units manufactured by Defendant or on Defendant's behalf.**

Once again, there is no limit to this request. Plaintiff seeks <u>all</u> contracts for parties investigating dryer fires, no model, serial number, type, time limitation or any other limitation have been offered. Moreover, such information is attorney client privileged, prepared in anticipation of litigation and work product protected. Plaintiff has not made any effort to show how any of their requests are for similar models to that involved in the instant lawsuit. If there are dissimilarities, then the discovery should not be permitted.

16.     **Request 3: A complete and true copy of all memorandums, studies, reports and other related investigate materials addressing the source of dryer fires performed on Defendant's behalf.**

There is no limit to this request for information concerning dryer fires. Plaintiff seeks information for <u>all</u> dryer fires, with no model, serial number, type, or any other limitation that would render the request feasible. Moreover, such information is attorney client privileged, prepared in anticipation of litigation and work product protected. Plaintiff has not made any effort to show how any of these models are similar to the model involved in the instant lawsuit. If there are dissimilarities, then the discovery should not be permitted.

17.     **Request 4: A complete and true copy of the entire claim and/or investigative file retained by Defendant or on Defendant's behalf by Defendant or any claims adjusting service concerning the 2004 dryer fire which occurred on the Oleg Cassini property.**

Defendant had previously produced the claim file relating to the 2004 dryer fire. Our expert reports will be produced during expert discovery and Plaintiff will receive the reports generated by the expert at that time.

18.     **Request 5: A complete and true copy of the entire claim and/or investigative file retained by Defendant or on Defendant's behalf by any claims**

**adjusting service concerning the 2008 dryer fire which occurred on the Oleg Cassini property.**

Again, Defendant has provided the claims file as well as the photographs taken. Another courtesy copy of the photographs are attached as Exhibit "B".

19. **Request 9: Copies of all photographs in Defendant's possession of the exterior and interior of Plaintiff's property and an indication of the date on which all photographs were taken and by whom.**

Again the photographs have been produced.

20. **Request 12: Copies of all complaints of any nature formal or otherwise including but not limited to correspondence filed against or sent to Defendant or any of Defendant's relevant entities for damages arising our of dryer fires or malfunctions of any nature.**

Defendant has disclosed two other claims it is aware of. There is once again no limitation with regard to this request, potentially a "complaint" can involve the buttons located on a dryer panel. To ask for complaint about any dryer of any nature is purely a fishing expedition and is not calculated to lead to relevant or discoverable evidence. Moreover, information relating to this inquiry is protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

21. **Request 13: Copies of all responses to discovery demands filed in any other actions identified by Defendant's response to the previous request.**

Plaintiff has made no showing of any relevance in asking for discovery responses in other claims. This is simply a fishing expedition. Moreover, information relating to this inquiry is protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

22. **Request 14: Copies of all notices and/or correspondence given to and/or received by Defendant advising Defendant of any dryer fires or malfunctions involving units manufactured by Defendant.**

Again, Plaintiff is asking for the information relating to all units manufactured and any type of malfunction without any limitation. Once again, unless the units are similar or have components that are similar, this discovery should be denied.

23. **Request 15: Copies of all notices of claims or letters advising Defendant of fires or malfunctions which occurred involving dryers manufactured by Defendant or on Defendant's behalf.**

The potential number of letters regarding any type of malfunction could number in the thousands. It is patently improper to seek information with no limitation at all, either in scope, time, model, typical malfunction, etc. Therefore the discovery should be denied.

24. **Request 16: Copies of all documentation supporting each and every defense asserted by Defendant.**

At this time, defendant has not had an opportunity to depose the plaintiff. It is Defendants contention that the dryer was misused or mishandled which resulting in the fire and thus the damages sustained. Moreover, due to the spoliation of the evidence, Defendant will have to rely on the Plaintiff or witnesses' testimony to discern the defenses to the lawsuit and as such this will be supplemented upon completion of depositions.

25. **Request 23: Copies of all claims books or other type of entries maintained to record all notices, notes and memoranda kept in the daily course of business concerning fires an/or malfunctions arising out of the use of dryers manufactured by Defendant.**

No model number, time limit or specified defect is provided, and therefore this request is not proper and should be denied. Moreover, information relating to this inquiry is

protected from disclosure having been performed in anticipation of litigation and is also protected by the work product doctrine.

26. **Request 24: Copies of any and all recall notices for any dryers manufactured by Defendant.**

Defendant has stated there were no recalls with this unit. Plaintiff once again seeks information relating to units which may be so dissimilar with different component parts and therefore not relevant.

27. **Request 28: All documents identified, relied upon or consulted by Defendant in responding to Plaintiff's First Set of Interrogatories.**

Defendant has not relied upon documents to respond to these requests.

B. <u>Second Request for Production of Documents</u>

28. **Request 1: Record of the date of manufacture for Frigidaire Dryer model # GSU264AS**

The model was manufactured from January, 2002 to June, 2004.

29. **Request 4: Seeks information regarding a study undertake in or about 2006 in Australia by Electrolux concerning dryer fires and accumulation of lint in its machines.**

Defendant had nothing to do with the study undertaken and therefore cannot provide any responses.

30. As illustrated by the plaintiff's requests, the discovery sought is so broad and all encompassing that the requests on their face should be denied. The plaintiff has not provided any type of limit with its requests. They have asked for information on models dating back as long as Defendant has manufactured dryer units. Many models have components so dissimilar as to have no bearing on the current litigation. Certainly, discovery was intended for dryer models which have some similar components to the

ones at hand. Plaintiff must make some showing of relevance before Defendant is obligated to open to discovery its units that have no similarity to that involved in the instant case.

For the above reasons and those cited in the attached Memorandum of Law Plaintiff's motion should be denied.

Dated: January 16, 2013

GOLDBERG SEGALLA LLP

BY: _____
ELLEN GREIPER [EG-4027]
100 Garden City Plaza – Suite 225
Garden City, NY 11530-3203
Telephone: 516-281-9800
Facsimile: 516-281-9801
egreiper@goldbergsegalla.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---

OLEG CASSINI, INC.,                              11-CV-1237 (JCF)(EHG)

            Plaintiff,

vs.

ELECTROLUX HOME PRODUCTS, INC.

            Defendant

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

### Legal Argument

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). The scope of discovery is "not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome...[or] expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *H. Lewis Packasing v. Spectrum Plastics, Inc.*, 2003 WL 22305148 (D. Conn. Aug. 10, 2003) (quoting F.R.C.P. 26(b)(2)). Additionally, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)

While Courts have allowed discovery of models in an action where the component parts are similar, where there is no suggestion that these models share pertinent characteristics with the product at issue, discovery relating to these models will be disallowed. *Fine v. Facet Aerospace Products Company, et al.*, 133 F.R.D. 439., 441 (S.D.N.Y. 1990).

In the *Fine* case cited by Plaintiff for the proposition that different models of a product can be relevant, the Court stated that "a different model of a product will be relevant if they share with the accident causing model the characteristics pertinent to the legal issues raised in the litigation." Thus, in order to determine the proper scope of discovery it is first necessary to define the plaintiff's legal claims. *Fine v. Facet Aerospace Products Company, et al.*, 133 F.R.D. 439., 441 (S.D.N.Y. 1990).

Plaintiff in the instant action has failed to state exactly which deficit or defect it is claiming with respect to the dryer unit involved in the litigation, making it virtually impossible to provide the discovery sought. The Courts has held that where there has been no suggestion that other models have pertinent characteristics with the product at issue, discovery relating to these models will be disallowed. *Fine v. Facet Aerospace Products Company, et al.*, 133 F.R.D. 439., 441 (S.D.N.Y. 1990).

In the instant matter, plaintiff has sought discovery of all persons with knowledge of all sales of defendant's dryer from 2000 to the present, all parties involved in litigation in a dryer fire case from 1994 to the present, all contracts to investigate all dryer fires made by Defendant or on Defendant's behalf, all complaints sent to Defendant for damages from dryer for an unlimited period, etc. There are no limitations on any of these interrogatories wither with respect to the model, number nor limits on the year or design. Plaintiff has failed to meet its burden to show relevance, before the party upon whom discovery is requested is obligated to produce items unrelated to the theories in the case.

The purpose of discovery is to "provide both parties with information essential to proper litigation of all the facts." *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973), (quoting [**7] *Patton v. Southern Bell Telephone & Telegraph Co.*, 38 F.R.D. 428 (N.D. Ga 1965) (citing *Hickman v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947)). The discovery rules "should be interpreted broadly" to achieve the important purposes for which they have been enacted. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230 (2d Cir. 1985). However, "the parties should not be allowed to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." In re Surety Ass'n of America, 388 F. 2d 412, 414 (2d Cir. 1967). A "threshold showing of relevance must be made before parties are required to open wide the doors of discovery to produce a variety of information which does not reasonably bear upon the issues of the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). The issue of relevance is determined from the "subject mater involved in the pending action," Rule 26(b)(1) Fed. R. Civ. P., "whether it relates to claim or defense of the party seeking discovery...." Id. See *Fletcher v. Atex, Inc.* 156 F.R.D. 45, 48 (S.D.N.Y. 1994).

There has been no proof of relevance, no suggestion that the items plaintiff seeks share common characteristics or similar components with the product at issue. The potential for discovery of completely dissimilar units is probable. There has been no attempt to show that the other models sought in the discovery demand are similar and pertinent to the legal issue in the instant litigation due to the completely open ended requests that have been made.

The instant motion seeks to compel discovery of items that do not bear on the issues put forth in this litigation. Therefore, the motion must be denied.

Dated: January 16, 2013

                                               GOLDBERG SEGALLA LLP

                                               BY:_____
                                                        ELLEN GREIPER [EG-4027]
                                              100 Garden City Plaza – Suite 225
                                              Garden City, NY 11530-3203
                                              Telephone: 516-281-9800
                                              Facsimile: 516-281-9801
                                              egreiper@goldbergsegalla.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

OLEG CASSINI, INC.,

                Plaintiff,

vs.                                               11-CV-1237 (JCF)(EHG)

ELECTROLUX HOME PRODUCTS, INC.

                Defendant

-----------------------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL WITH MEMORANDUM OF LAW** in the above-captioned matter was served upon the following-named persons on the 16th day of January, 2013, via ECF and First Class Mail:

J. Vincent Reppert, Esq.
Reppert Kelly, LLC
120 Mountain View Boulevard
P.O. Box 509
Basking Ridge, New Jersey  07920

Dated: January 16, 2013

                                          GOLDBERG SEGALLA LLP

                                          BY:_____
                                              ELLEN GREIPER [EG-4027]
                                             100 Garden City Plaza – Suite 225
                                             Garden City, NY 11530-3203
                                             Telephone: 516-281-9800
                                             Facsimile: 516-281-9801
                                             egreiper@goldbergsegalla.com