```
UNITED STATES DISTRICT COURT                :        ECF
SOUTHERN DISTRICT OF NEW YORK               :
- - - - - - - - - - - - - - - - - - - - - -:
OLEG CASSINI, INC.                          :    11 Civ. 1237 (AJN) (JCF)
                                            :
          Plaintiff,                        :        MEMORANDUM
                                            :        AND   ORDER
                                            :
     - against -                            :
                                            :
ELECTROLUX HOME PRODUCTS, INC.,             :
                                            :
          Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

    Oleg Cassini, Inc. ("Oleg Cassini") brings this action against Electrolux Home Products, Inc. ("Electrolux") asserting various claims for products liability, breach of warranty, and violation of the New York consumer protection laws.  The plaintiff alleges that a fire at its property in 2008 started when a dryer designed and manufactured by the defendant malfunctioned.  The plaintiff now moves to compel the defendant's production of documents and response to interrogatories related to accidents and safety tests involving dryers manufactured by the defendant.  For the reasons set forth below, the plaintiff's motion is granted in part and denied in part.

Background

    On August 3, 2008, a fire caused significant damage to several rooms of the plaintiff's property.  (Complaint ("Compl."), ¶¶ 15, 18).  The plaintiff alleges that the fire originated from an under-the-counter dryer, a Frigidaire Gallery Supreme Series GSEQ642AS (the "Product"), that was designed, manufactured, and assembled by

1

the defendant. (Compl., ¶¶ 11, 15). It further claims that the Product was dangerous and defective, and that the defendant failed to provide timely and adequate warning of the dangers associated with the Product. (Compl., ¶¶ 16, 26).

The plaintiff had suffered a prior fire in 2004 caused by a dryer manufactured by the defendant. (Compl., ¶ 27). The defendant's insurance carrier settled the claim arising from that incident, which was less destructive than the 2008 fire. (Compl., ¶ 29; Declaration Nicholas A. Vytell dated Dec. 18, 2012 ("Vytell Decl."), ¶ 4).

The plaintiff now moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling the defendant to produce information related to accidents and safety tests involving dryers designed and manufactured by the defendant. The plaintiff primarily seeks (1) information regarding other dryer models that had experienced fires, and (2) information related to safety testing performed by the defendant, studies with respect to the causation of dryer fires, prior complaints and litigation arising out of dryer fires, and the sales figure for dryers sold since 2000. The plaintiff also requests that the defendant produce color photographs from its inspection of the property after the fire, its Rule 26 Disclosures,[1] and interrogatory responses.

---

[1] The defendant produced its Rule 26 Disclosures on January 14, 2013. (Docket no. 24).

2

Discussion

    A.    Legal Standard

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). It "'encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Schoolcraft v. City of New York, No. 10 Civ. 6005, 2012 WL 2161596, at *12 (S.D.N.Y. June 14, 2012) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. See, e.g., King County, Washington v. IKB Deutsche Industriebank AG, No. 09 Civ. 8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012).

Once relevance has been shown, it is up to the responding party to justify curtailing discovery. Condit, 225 F.R.D. at 106. "[T]he court must limit the frequency or extent of discovery" where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample

3

>opportunity to obtain the information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). "'Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive.'" Tourtelotte v. Anvil Place Master Tenant, LLC, No. 3:11CV1454, 2012 WL 5471855, at *1 (D. Conn. Nov. 9, 2012) (quoting In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, 85 (D. Conn. 2005)).

    B.   Similar Models: Interrogatories 6, 9; Request 24

In the context of discovery, "different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." Fine v. Facet Aerospace Products Co., 133 F.R.D. 439, 441 (S.D.N.Y. 1990); accord Cheng Chen v. Cincinnati Inc., No. 06 CV 3057, 2007 WL 1029193, at *1 (E.D.N.Y. March 30, 2007). Indeed, "discovery of similar, if not identical, models is routinely permitted in product liability cases." Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122, 126 (S.D.N.Y. 1986). Nonetheless, "it

4

is frequently difficult to judge which of a manufacturer's products are sufficiently similar to the allegedly defective product to be subject to discovery." Fine, 133 F.R.D. at 441; accord State Farm Fire and Casualty Co. v. Black & Decker, Inc., Nos. Civ. A. 02-1154, Civ. A. 02-1584, 2003 WL 103016, at *4 (E.D. La. Jan. 9, 2003).

While "the party seeking discovery need not prove its case on the merits in order to obtain disclosure[,] [i]t must [] make some threshold showing of relevance before the opposing party is obligated to open to discovery a variety of designs not directly at issue in the litigation." Fine, 133 F.R.D. at 443.  Thus, "where there has been no suggestion that other models share pertinent characteristics with the products at issue, discovery relating to those models will be disallowed. Id. at 442.  The dispute between the parties here thus boils down to a question of whether the other dryer models are "similar" to the Product in a way that is "pertinent to the legal issues raised in the litigation." Id. at 441.

The plaintiff has failed to submit any evidence whatsoever to suggest that other models produced by the defendant shared similar characteristics or components.  Such a showing could have been made, for example, through an affidavit of an expert in mechanical engineering.  Accordingly, the plaintiff's request for an order compelling production of information about models other than the model involved in the 2008 fire is denied.  This ruling is without prejudice to the plaintiff's demonstrating in the future that other

5

models share pertinent characteristics with the Product.

 C. <u>Sales, Revenue, and Profit: Interrogatory 3</u>

 The plaintiff seeks the identity of "all persons with knowledge of Defendant's sales, revenues and profits from the sales of all under the counter dryers from the year 2000 to the present." (Vytell Decl., ¶ 19). The defendant contends this request should be "limited in time or scope." (Affirmation of Ellen H. Greiper dated Jan. 16, 2013 ("Greiper Aff."), ¶ 6). For the reasons discussed above, only information relating to the Product need be produced at this time.

 D. <u>Prior Accidents: Interrogatories 6, 13, 16; Requests 1, 2, 3, 12, 13, 14, 15, 23</u>

 The Second Circuit has held that evidence of prior accidents similar to the accident at issue "would unquestionably be relevant, if not central to [the plaintiff's] case." <u>Stagl v. Delta Airlines, Inc.</u>, 52 F.3d 463, 474 (2d Cir. 1995) (overturning order denying plaintiff's motion to compel production of reports of prior similar accidents). The court held that the denial "unduly limited" the plaintiff's ability to establish an element of the plaintiff's case. <u>Id.</u> The court recognized that an accident record "would be directly germane to establishing the degree of risk generated" by the defendant's conduct and "proof of causation." <u>Id.</u>

 Here, the plaintiff requests materials related to similar accidents caused by dryers manufactured by the defendant. They are relevant to the degree of risk associated with the Product, as well as to whether the defendant had notice of that risk and what, if

any, actions the defendant took to protect the safety of the purchasers of the Product. See, e.g., Fletcher v. Atex, Inc., 156 F.R.D. 45, 47-49 (S.D.N.Y. 1994) (information concerning complaints of repetitive stress injury resulting from prolonged use of computer keyboards was relevant to defendant's duty to investigate degree of risk associated with product). Furthermore, access to this information -- in sole possession of the defendant -- may be the primary way the plaintiff can establish causation if the 2008 fire destroyed relevant components of the Product. See, e.g., Stagl, 52 F.3d at 474 (history of prior accidents would "demonstrate beyond peradventure" that accident at issue was foreseeable consequence of defendant's alleged negligence). Accordingly, the defendant shall produce the requested information related to prior accidents, complaints, and litigation to the extent that they relate to fires caused by under-the-counter dryers manufactured by the defendant.

    E.    Other Information: Interrogatory 12; Requests 4, 5, 9, 16, 28

The plaintiff also requests other relevant documents, such as the photographs of the scene taken by agents of the defendants and the reports produced by them, and the documents cited in the defendant's Rule 26 Disclosures supporting its defense. The defendant contends that it has produced these documents, but the plaintiff denies this. The defendant shall produce the requested documents to the extent they are related to the Product or explain its inability to do so.

For example, Request 5 seeks "[a] complete and true copy of

7

the entire claim and/or investigative file retained by Defendant or on Defendant's behalf by any claims adjusting service concerning the 2008 dryer fire which occurred on the Oleg Cassini property." (Vytell Decl., ¶ 35). The defendant contends that it has provided the claims file as well as the photographs taken. (Greiper. Aff., ¶ 18). The plaintiff argues that the defendant did not produce reports of Tom Bajzek, Raymond Negron, and Jonathan P. Derow, who were hired to investigate the fire. (Reply Declaration of Nicholas A. Vytell dated Jan. 23, 2013, ¶ 26). If the defendant possesses such reports, it shall produce them; otherwise, the defendant shall submit an affidavit explaining why they are not in its possession.

Conclusion

Oleg Cassini's motion to compel (Docket no. 20) is granted in part and denied in part to the extent indicated above. Electrolux shall respond to the plaintiff's discovery requests as set forth in this order by February 28, 2013.

SO ORDERED.

James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 7, 2013

Copies mailed this date:

Timothy Boyd Parlin, Esq.
Nicholas A. Vytell, Esq.
Carroll, McNulty & Kull L.L.C.
120 Mountain View Boulevard
Basking Ridge, NJ 07920

Christopher P. Kelly, Esq.
Reppert Kelly & Satriale, LLC
120 Mountain View Boulevard
Basking Ridge, NJ 07920

John P. Freedenberg, Esq.
Goldberg Segella LLP
665 Main Street, Suite 400
Buffalo, New York 14203

Marianne Arcieri, Esq.
Goldberg Segalla LLP
11 Martine Avenue, Suite 750
White Plains, NY 16060

