UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| OLEG CASSINI, INC., | Case No. 11-1237 (LGS)(JCF) |
| Plaintiffs, | |
| - against - | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA** |
| ELECTROLUX HOME PRODUCTS, INC., | |
| Defendant. | |

_____

## INTRODUCTION

This is an action arising out of a residential fire. Plaintiff asserts claims sounding in product liability, breach of warranty and violation of New York consumer protection laws. Plaintiff alleges that a fire was caused by the malfunction of a clothes dryer designed and manufactured by defendant. A motion to compel discovery brought by plaintiff was decided in a Memorandum and Order of this Court dated February 7, 2013. Docket #27.

This Court held that plaintiff failed to submit any evidence to suggest that dryer models other than the model at issue shared similar characteristics or components. Consequently, Electrolux was directed to disclose product information about the model at issue, and to disclose prior incident information limited to "under-the-counter" dryer models. Docket #27, pages 5-7. Electrolux made disclosures in compliance with the Memorandum and Order.

Plaintiff subsequently served a subpoena upon Michael J. Hopkins, attorney for plaintiff in an action entitled *Donegal Mutual Insurance Company as subrogee of Vanessa Schantz v. Electrolux North America*, Civil Action No. 1:08-CV-2171, brought in the United States District

Court for the Middle District of Pennsylvania.  **Exhibit A**.  The subpoena seeks "all non-privileged portions" Mr. Hopkins's file, "including, without limitation, all discovery demands and responses, expert reports and disclosures, and deposition transcripts."  The subpoena is returnable on Monday, April 15, 2013.

In support of this motion to quash, defendant Electrolux submits the affidavit of attorney Melissa L. Yemma, who acted as counsel for Electrolux in the *Schantz* action.  Ms. Yemma states that the dryer at issue in the *Schantz* action was an electric free-standing top console dryer manufactured in 1996.  It was <u>not</u> an "under-the-counter" dryer model.

Ms. Yemma also confirms that she has demanded the return of designated confidential documents disclosed by Electrolux to plaintiff in the *Schantz* action pursuant to the terms of a Stipulation of Confidentiality and Protective Order.

## ARGUMENT

1.  **The Subpoena is an Attempt to Circumvent Limitations Placed on Discovery in a Prior Order of This Court**.  Plaintiff previously moved to compel disclosure by Electrolux of product information and prior incident information directed to dryer models unrelated to the model at issue in this action.  This Court held that plaintiff had failed to show, by submission from a mechanical engineer or otherwise, that other models shared similar characteristics and components, and therefore limited disclosure to the model at issue and "under-the-counter" dryer models.

Plaintiff now seeks to obtain by subpoena "prior incident" information falling outside the scope of disclosure defined by this Court in resolution of the motion to compel.  The *Schantz* case involved a dryer manufactured eight or more years prior to the *Cassini* dryer.  The *Schantz*

dryer was not an "under-the-counter" model. *Schantz* is clearly a "prior incident" that falls outside the disclosure parameters set by this Court.

To circumvent these parameters, plaintiff has served a subpoena upon an attorney of record in the *Schantz* action to obtain a wide array of discovery materials from that action. Under Fed.R.Civ.P. 45(c)(3)(A), it is appropriate to quash a subpoena that requires disclosure of "privileged or other protected matter." By the terms of this Court's prior order, protection has been granted to "prior incident" disclosure falling outside the established parameters.

Permitting the subpoena to stand would render the Court's establishment of discovery parameters to be meaningless. A litigant unhappy with the Court's rulings could, like here, search for random names of litigated matters involving an opponent, and go on a fishing expedition for discovery materials that the Court had previously excluded from disclosure. The subpoena unquestionably violates the spirit of this Court's order and the law of the case relative to "prior incident" discovery.

2.  **The Terms of the *Schantz* Protective Order Should Be Enforced**. The subpoena directed to Mr. Hopkins encompasses discovery material designated as confidential and subject to a Protective Order. Counsel for Electrolux has demanded the return of the confidential discovery material pursuant to the order.

Fed.R.Civ.P. 45(c)(3)(B) permits the quashing of a subpoena to the extent that it requires disclosure of confidential research, development or commercial information. To the extent that Mr. Hopkins, as both the recipient of the subpoena at issue and a signatory to the *Schantz* Stipulation of Confidentiality and Protective Order, has not yet returned confidential materials to Electrolux upon closure of the *Schantz* litigation, his obligation to do so should take precedence

over the subpoena. Plaintiff has made, and can make, no showing that its entitlement to confidential proprietary material in *Schantz* deserves priority over Electrolux's interest in the enforcement of the Protective Order.

## CONCLUSION

For the reasons states above, defendant respectfully requests an order quashing the subpoena served by plaintiff upon attorney Michael J. Hopkins, and granting to defendant such other relief as may be proper.

Dated: Buffalo, New York
April 11, 2013

                              **GOLDBERG SEGALLA LLP**

                              __s/John Freedenberg_____
                              John P. Freedenberg
                              Ellen H. Greiper
                              Attorneys for Defendant
                              Electrolux Home Products, Inc.
                              665 Main Street, Suite 400
                              Buffalo, New York 14203
                              (716) 566-5400
                              jfreedenberg@goldbergsegalla.com