**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. 11-1237(AJN)(JCF) |
| Plaintiff, | |
| v. | **DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY PURSUANT TO FED.R.CIV.P. 37** |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, | |
| Defendants. | |

NICHOLAS A. VYTELL, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am an attorney-at-law of the State of New York, admitted to appear *pro hac vice* in this action, and associated with the law firm of Carroll McNulty & Kull, LLC, counsel for Plaintiff, Oleg Cassini, Inc. ("Plaintiff" or "OCI") in the above-captioned action.  As such, I have personal knowledge of the facts and matters set forth herein.

2.       I make this Declaration in support of Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b) and (d) or, in the alternative, to compel discovery pursuant to Fed.R.Civ.P. 37(a).  As set forth herein, this is the second time that Plaintiff has been forced to come before this Court to seek basic discovery from Defendant, Electrolux Home Products, Inc. d/b/a Frigidaire ("Defendant" or "Electrolux").  Rather than produce basic discovery or engage in discovery in good-faith, Defendant has ignored the Court's prior Order compelling discovery, refused to produce clearly relevant documents, and engaged in numerous tactics to prevent Plaintiff from obtaining relevant discovery.  Defendant has engaged in similar tactics in other actions.  As such, this case presents precisely the type of conduct warranting the most severe sanctions.

3.     I certify that numerous good faith efforts were made to resolve the dispute giving rise to the instant motion.  I have conferred with counsel for Defendant about this dispute on multiple occasions, and we have been unable to resolve this dispute.  The attempts to resolve this dispute include correspondence, emails, and telephone conferences between counsel.  Despite numerous promises that discovery would be forthcoming, as detailed below, Defendant has still failed to comply with its discovery obligations or this Court's Order.

## FACTUAL AND PROCEDURAL BACKGROUND

4.     The Court is no doubt aware of the factual and procedural background of this case, as it previously came before the Court on Plaintiff's Motion to Compel Discovery [Doc. 20].  By way of brief summary, Plaintiff is seeking recovery against Defendant for property damage that occurred at Plaintiff's residence in 2008 when a dryer manufactured by Defendant malfunctioned causing a fire.

5.     Plaintiff's prior Motion to Compel was the result of Defendant's continued failure to provide Rule 26 Disclosures and complete answers to Plaintiff's First Set of Interrogatories and Document Demands.   As recounted in the prior motion, Defendant's counsel made numerous representations that discovery would be forthcoming, only to suddenly refuse any further production at the eleventh-hour.

6.     By Memorandum and Order (the "Order") dated February 7, 2013 [Doc.27] (**Exhibit A**), this Court granted, in part, Plaintiff's motion to compel.  In a detailed decision, the Court expressly required Defendant to provide more specific responses to Interrogatories 3, 6, 13, 16, and 12, and Document Requests 1, 2, 3, 4, 5, 9, 12, 13, 14, 15, 16, 23, and 28.  Although the Court denied Plaintiff's request for discovery related to dryers other than the model involved in the 2008 fire (subsection B of the Order), the Court, nevertheless, required Defendant to

produce discovery related to other instances in which fires were caused by under-the-counter dryers manufactured by Defendant, irrespective of the model (subsection D of the Order).  In addition, the Court's Order specifically indicated that Plaintiff's request for discovery related to other models was "without prejudice to the plaintiff's demonstrating in the future that other models share pertinent characteristics with the Product."  (Order, pp. 5-6).

7.     On February 28, 2013, Defendant provided supplemental responses to discovery in a purported effort to comply with this Court's Order.  (**Exhibit B**).  Defendant's supplemental production consisted of three (3) responses to the following general topics: (1) Sales, Revenue and Profit; (2) Prior Accidents; and (3) Claim File 2008 Fire.  In addition, Defendant produced approximately 300 documents.   The supplemental responses also included an Affidavit of counsel attesting that no reports or other documents from Tom Bajzek, Raymon Negron, or Jonathan P. Derow existed.  As the Court may recall, these were each individuals that inspected the scene of the fire on behalf of Defendant.

8.     Although Defendant's supplemental responses were clearly deficient, we began reviewing the documents produced by Defendant in order to determine whether all of the responsive documents had been produced.  In addition, we conferred with an expert engineer to begin identifying the relevant characteristics and/or elements of the product at issue that are the same or similar to other dryer models manufactured by Defendant.   In this way, any supplemental demand for documents would comply with the Court's Order by providing evidence of the common characteristics and elements relevant to this action.

9.     Based upon a review of the supplemental documents produced by Defendant, it became clear that Defendant had not complied with the Court's Order requiring production of discovery related to other fire claims.  In mid-March 2013, counsel identified a number of other

actions involving dryer fires against Defendant by reviewing the public court filings available via PACER.  In fact, we identified an action captioned *Donegal Mutual Insurance Co. a/s/o Vanessa Schantz v. Electrolux North America*, previously pending in the United States District Court for the Middle District of Pennsylvania under Civil Action No. 1:08-2171 (the "Schantz Action"), that also involved a fire resulting from the malfunction of an electric dryer manufactured by Defendant.

10.     On March 28, 2013, we served a Subpoena to Produce Documents on Michael J. Hopkins, Esq. (**Exhibit C**), counsel for plaintiff in the Schantz Action.  The subpoena sought disclosure of "all discovery demands and response, expert reports and disclosures, and deposition transcripts."

11.     On April 10th, Defendant's counsel contacted Mr. Hopkins requesting that he withhold any response to the Subpoena and on April 11th, filed a motion to quash.  [Doc. 31 – 34][1]

12.     On April 12, 2013, our office received the executed Declaration of John J. Lentini, CFI, D-ABC, (**Exhibit D**) outlining specific elements and/or components of the subject dryer believed to have caused or contributed to the fire.  These included (1) a single point rear drum bearing assembly; (2) an electric heating coil located directly behind the drum; (3) the lack of any passive guard to prevent contact between the drum assembly and the heating coil; and (4) lack of sufficient warnings regarding potential bearing failure and/or instructions on bearing maintenance.  Mr. Lentini indicated that, "[u]pon information and belief, [...] Electrolux used a nearly identical design in most or all of the electric dryers it manufactured from the early-1990's

---

[1] Although the Motion was originally denied without prejudice [Doc. 35], it was subsequently reinstated by the Court [Doc. 37], before being withdrawn by Defendant [Doc. 40].

until recently."  In addition, Mr. Lentini identified other discovery that was essential to his review of this action as well as the need for electronic copies of the photographs taken by Defendant.

13.     On that same date, our office sent correspondence to Defendant's counsel (**Exhibit E**) specifying the numerous outstanding deficiencies in Defendant's discovery responses and producing a copy of Mr. Lentini's Declaration.  In light of the Declaration, and in accordance with the Court's Order, we renewed our request that Defendant "identify all other dryer models manufactured with these components and/or elements and provide responses [to discovery] that include these additional model numbers."  We warned that Defendant was in violation of the Court's Order and that we would "immediately move for sanctions and other appropriate relief" unless Defendant complied with discovery.

14.     On April 16, 2013, we served Defendant with a Third Set of Interrogatories and Request for Production of Documents focused on discovery of the particular issues identified by Mr. Lentini.  (**Exhibit F**).

15.     From on or about April 10, 2013, we had multiple discussions and exchanged numerous email correspondences with Defendant's counsel in an attempt to resolve the outstanding discovery disputes, namely the Subpoena on Mr. Hopkins and Defendant's failure to produce relevant documents and electronic copies of photographs as outlined in Mr. Lentini's Declaration.  During these discussions, Defendant's counsel represented that a formal response to each of the issues outlined in our April 12th deficiency letter would be forthcoming.  He further represented that Defendant had responded to discovery demands in other cases involving electric dryers and that additional documents would be produced.  Also during these discussions, Defendant's counsel advised, for the first time, that a Stipulation and Confidentiality Order

would be required to produce the requested documents.

16.     On April 24, 2013, Defendant's counsel provided a proposed Stipulation and Protective Order, which we reviewed and returned with suggested revisions on the same date.

17.     On April 25, 2013, through numerous email correspondence, we reached a resolution with Defendant's counsel regarding the Subpoena on Mr. Hopkins and Motion to Quash.  (**Exhibit G**).  In short, Plaintiff agreed to withdraw the Subpoena on the condition that: (1) Defendant would produce all of the requested documents from the Schantz Action; (2) the documents would be produced by Defendant's counsel's office but would include the original Bates stamps; and (3) Defendant's counsel would certify that the production was a true, full and complete copy of the documents from the Schantz Action and that no documents were withheld. Defendant, in exchange, would withdraw its Motion to Quash.

18.     On April 26th, with the Subpoena resolved, we again requested that Defendant respond the outstanding discovery deficiencies and were advised that "there are just a few items unresolved." (**Exhibit H**).

19.     On May 1, 2013, Defendant finally responded to the deficiency letter (**Exhibit I**). Defendant did not produce a single responsive document.  Rather, Defendant took the position that it had complied with the Court's Order, but that it "is willing to discuss the further production of additional documents, in light of proceedings in this matter, and is open to expanding its production to other electric dryers upon execution and entry of the protective order."

20.     By email dated May 8, 2013 (**Exhibit J**), we returned an executed Stipulation and Protective Order to Defendant and, with respect to the May 1st letter, expressly requested whether Defendant would comply with the prior agreement to produce documents responsive to

the issues identified in the Lentini Declaration. Again, over the next week we had numerous discussions with Defendant's counsel regarding these discovery issues and were assured additional documents would be forthcoming once the Court entered the Stipulation and Protective Order.

21. On May 14, 2013, the Court entered the Stipulation and Protective Order requested by Defendant [Doc. 41]. Nevertheless, neither the additional discovery promised by Defendant related to the issues identified in the Lentini Declaration nor the documents from the Schantz Action were produced.

22. Accordingly, by letter dated May 16, 2013, we again outlined the deficiencies in Defendant's discovery responses in an attempt to resolve the outstanding disputes. We noted that Defendant's responses to Plaintiff's Third Set of Interrogatories and Third Notice to Produce were due. We further requested that Defendant abide by the agreement reached with Defendant's counsel that documents "related to other dryer fires involving electric dryers with the same characteristics noted in Mr. Lentini's Declaration" and electronic copies of photographs be immediately produced. In addition, we demanded production of the documents from the Action in light of the Court's entry of the Stipulation and Protective Order.

23. We made numerous efforts to contact Defendant's counsel in the days following our May 16th letter. Despite assurances on May 24th and May 29th (**Exhibit K**), no discovery has been produced to date.

24. Notwithstanding all of the foregoing, during the same time period, we have produced Plaintiff's representative for deposition; responded to Defendant's Third Notice to Produce; provided supplemental discovery responses to alleged deficiencies in Plaintiff's original discovery responses; produced a non-party witness for deposition; and cooperated with

Defendant in connection with all of its discovery requests including entry of the Stipulated and Protective Order and resolution of the Subpoena served on Mr. Hopkins.

25.     On the contrary, Defendant has gone to great lengths to avoid producing discovery in this action and there is simply no reason to believe that it will do so.  Accordingly, as set forth below, Plaintiff respectfully requests that this Court enter an Order sanctioning Defendant for its improper conduct in connection with this action and awarding Plaintiff the costs and fees associated with this application.

<u>**DEFENDANT'S DEFICIENT DISCOVERY RESPONSES**</u>

26.     **Failure to Respond to Third Set of Interrogatories and Third Request for Production of Documents** – Defendant's responses to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents were due on May 16, 2013.  These discovery demands were narrowly tailored to address the concerns raised by Mr. Lentini and in an attempt to rectify the numerous deficiencies in Defendant's original discovery responses.

Defendant has not served any responses or requested an extension of time for same.  Moreover, the Revised Scheduling Order in this action requires fact discovery to be completed by July 1, 2013, with "no further extensions."  [Doc. 41].  Defendant's failure to produce discovery throughout the course of this litigation has severely impacted Plaintiff's ability to pursue its claims.  This is a consistent pattern of conduct for Defendant: it makes representations that discovery will be forthcoming and then reneges on the agreement at the eleventh hour.  Defendant's withholding of essential, basic discovery has prevented Plaintiff from even being able to properly identify fact witnesses to depose in connection with this action.  Even if Defendant were compelled to produce responses, it is virtually certain that those responses will be evasive, incomplete, and incoherent.  Based upon the foregoing, Plaintiff respectfully submits

that Defendant's Answer in this action be stricken in accordance with Fed.R.Civ.P. 37(d).

Alternatively, since the discovery sought pertains largely to other instances of electric dryer malfunctions, that the Court enter an Order deeming it established that: (1) there were numerous other instances in which electric dryers manufactured by Defendant malfunctioned due to a failure of the rear drum bearing assembly; (2) these failures resulted in fires and/or a significant hazard of fire; and (3) Defendant was aware of this malfunction and the risks presented at the time it sold the dryer at issue to Plaintiff.

Should the Court even consider a motion compelling the production appropriate at this late stage, and notwithstanding Defendant's bad-faith, Plaintiff respectfully submits that the discovery should be produced within five (5) days of the date of the Court's Order, that fact discovery be extended for thirty (30) days from the date of the production, and that Plaintiff be awarded the costs and fees of this application and any subsequent application seeking production of the requested discovery.

27.    **Failure to Produce Discovery Related to the Schantz Action** – The parties reached an express agreement regarding production of the discovery, depositions, and expert reports in the Schantz Action, which was memorialized in the email correspondence attached as **Exhibit G**.   There was a significant amount of discussion between counsel regarding this discovery because there was a real concern that if Mr. Hopkins returned the requested discovery to Defendant, it would become unavailable to Plaintiff.   Based on the express representations of Defendant's counsel, and against the undersigned's better judgment, we agreed to withdraw the Subpoena on Mr. Hopkins with the understanding that the discovery would be forthcoming from Defendant's counsel.   This agreement was reached in the interest of cooperation and to save this Court from having to waste judicial resources on a baseless motion to quash.   In fact, Defendant

expressly represented to the Court [Doc. 40] that "Plaintiff has agreed to withdraw the subpoena in exchange for documents to be produced by defendant subject to protective order."

Notwithstanding the foregoing, Defendant has apparently decided not to produce this discovery or honor its agreement.  In doing so, Defendant has rendered its representation to the Court false.  Plaintiff respectfully submits that the remedies set forth in paragraph 26 should apply equally to Defendant's intentional withholding of this information.  Plaintiff further respectfully submits that the Court enter an Order permitting an adverse inference against Defendant for its failure to provide this discovery and its efforts to prevent Plaintiff from obtaining same.

28.     **Failure to Comply with Court's Order** – As set forth above, Defendant's initial supplemental discovery responses (**Exhibit B**) made absolutely no effort to respond to each of the discovery demands required by the Court's Order.  Instead, Defendant selected those discovery demands it desired to answer.  In addition, Defendant continued to maintain that there was no discovery related to the inspections conducted by Thomas Bajzek, Raymond Negron, or Jonathan P. Derow at Plaintiff's property.

Even after its supplemental responses on May 1, 2013 (**Exhibit I**), Defendant failed to provide any discovery related to the inspections of the above-referenced individuals and, despite its representation that digital photographs would be produced, still did not provide the photographs requested on numerous occasions.  Moreover, it became clear that Defendant had elected to produce discovery related only to fires or complaints of failures related to the specific dryer model involved in the 2008 fire, and not all under-the-counter dryers as required by the Court's Order.

Based upon the foregoing, Defendant is in clear violation of this Court's prior Order.  In

10

accordance with <u>Fed.R.Civ.P.</u> 37(b), Plaintiff respectfully submits that Defendant's Answer be stricken.  Alternatively, Plaintiff respectfully submits that Defendant be (1) barred from calling Thomas Bajzek, Raymond Negron, or Jonathan P. Derow at the time of trial, or relying upon any document created, in whole or part, by any of them in connection with this action; and (2) barred from relying upon or presenting any photographs that have not been produced in electronic format in connection with this action including at the time of trial.

29.     **Failure to Produce Additional Discovery Warranted by Declaration of John Lentini** – The Court's Order expressly permitted the scope of discovery to include other dryers with components or characteristics similar to the dryer at issue upon the production of an expert affidavit identifying same.  Notwithstanding Plaintiff's service of the Lenini Declaration on April 12, 2013, Defendant has failed to identify other dryers with similar components or characteristics, has failed to produce additional discovery related to the issues identified by Mr. Lentini, and has failed to produce the specific discovery identified by Mr. Lentini as relevant to his assessment of this action.  This discovery has been withheld notwithstanding the fact that it was clearly within the scope of the original discovery demands, was expressly endorsed by this Court, and has been demanded on multiple occasions.

Based upon the foregoing, Defendant's conduct is tantamount to a failure to respond in accordance with <u>Fed.R.Civ.P.</u> 37(a)(4).  Plaintiff respectfully submits that the remedies set forth in paragraph 26 above should apply equally to Defendant's intentional withholding of this discovery.  Plaintiff further respectfully submits that the Court enter an Order permitting an adverse inference against Defendant for its failure to provide this discovery.

<u>CONCLUSION</u>

Based upon the foregoing, Plaintiff respectfully requests that Defendant's Answer be

Stricken or that the Court enter such other Order as justice requires for Defendant's bad-faith failure to provide discovery in accordance with Fed.R.Civ.P. 37.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Basking Ridge, New Jersey
May 29, 2013

By:     _/s/ Nicholas A. Vytell_____
Nicholas A. Vytell, Esq.
CARROLL MCNULTY & KULL LLC
120 Mountain View Boulevard
Post Office Box 509
Basking Ridge, New Jersey 07920
Tel.    908.848.6300
Fax     908.848.6310

570 Lexington Avenue, 8th Floor
New York, New York, 10022
Tel.    645.625.4000
Fax     645.625.4044
nvytell@cmk.com
Attorneys for Plaintiff