UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. 11-1237(LGS)(JCF) |
| Plaintiff, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE TO COMPEL DISCOVERY**

This is the second time that Plaintiff, Oleg Cassini, Inc. ("OCI" or "Plaintiff"), has been forced to come before this Court seeking basic discovery from Defendant, Electrolux Home Products, Inc. ("Electrolux" or "Defendant"). Unfortunately, despite countless attempts to resolve the discovery disputes outlined in detail in the Declaration of Counsel filed herewith and set forth more fully below, Defendant has elected to engage in a concerted, bad-faith effort to delay this action and prevent Plaintiff from obtaining relevant discovery. Based upon the foregoing, as set forth more fully below, Defendant has left this Court with little choice but to enter an Order with significant sanctions sufficient to remedy and deter Defendant's improper conduct.

Pursuant to Fed.R.Civ.P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." It is clear that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). Further, the moving party is entitled to the costs and fees associated with having to bring the application to compel. Id. at (a)(5). Where, as here, a party fails to comply with a discovery order, the court may enter further orders as justice may require

1

including, without limitation, an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).  Similar sanctions may also be imposed for a party's failure to produce responses to interrogatories or document demands.  Fed.R.Civ.P. 37(d)(1).

As set forth in Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 212 F.R.D. 178 (S.D.N.Y. 2003) adhered to on reconsideration, 00 CIV. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004)

> [A] court has broad discretion in fashioning an appropriate sanction.  Courts have also noted Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to such conduct in the absence of such a deterrent.  In Rule 37 cases, intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary measures.

Id. at 219 (internal citations and quotations omitted). The Court continued "[t]here are no specific requirements for the imposition of sanctions under Rule 37; rather, the decision is left to the sound discretion of the trial court." Id. at 220.

As this Court has recognized, "in choosing the appropriate sanction, courts consider a variety of factors, including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of his noncompliance." Szafrankowska v. AHRC Home Care Servs., Inc., 06 CIV. 1247(SHS)(JCF), 2008 WL 186206 (S.D.N.Y. Jan. 22, 2008).

As set forth in the Certification of Counsel, notwithstanding numerous warnings, a prior Court Order compelling discovery, and tremendous efforts by counsel to resolve these disputes, Defendant is currently in violation of Fed.R.Civ.P. 37 in at least the following four respects:

First, Defendant has failed entirely to respond to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents. Defendant was warned that responses would need to be timely in light of the looming discovery deadlines. Nevertheless, Defendant has ignored these obligations, has not requested an extension of time, and has provided no indication that responses would be forthcoming, yet alone that the ultimate responses will be meaningful. If this were the first (or only) discovery abuse by Defendant, an Order compelling discovery would likely be sufficient. Unfortunately, this is a consistent course of conduct by Defendant to avoid production of relevant discovery, both in this case and other actions arising out of its faulty products. As set forth below, there is also no reason to believe that Defendant will comply with this Court's Order, given its violation of the Court's prior Order. Even if Defendant were compelled to produce discovery, however, it would be highly prejudicial to Plaintiff given the limited time left for fact discovery and in light of Defendant's prior misrepresentations that discovery would be forthcoming.

Second, Defendant made an agreement with counsel in order to obtain the discovery in the Schantz Action and has reneged on that express agreement. It has been over two (2) months since the Subpoena was originally served on Mr. Hopkins and over one (1) month since Defendant's counsel agreed to produce the requested discovery in exchange for a withdrawal of the Subpoena. These documents should have been compiled and ready to be served weeks ago. Nevertheless, no documents have been produced. It is clear that Defendant not only will not produce discovery in this action; but will engage in bad-faith litigation tactics solely to prevent

Plaintiff from obtaining relevant discovery from third-parties.

Third, Defendant has made minimal effort to comply with the Court's prior Order in this action. Defendant initially wholly ignored the Court's Order requiring answers to each of the individual discovery demands, instead claiming it had to respond to only three (3) general categories of inquiry. Even when Defendant ultimately provided supplemental responses as required by the Court's Order, it continued to withhold basic and essential discovery including electronic copies of photographs of the scene of the fire and other instances of dryer fires reported to Defendant. Rather, Defendant unilaterally altered the Court's Order by providing information about other fires involving only the dryer model involved in the 2008 fire.

Fourth, Defendant has failed to provide any discovery related to other electric dryer models with similar characteristics and/or components identified in the Declaration of John Lentini. This was precisely the procedure condoned in the Court's Order. Mr. Lentini's Declaration was produced over a month and a half ago. Thereafter, we had numerous discussions with Defendant's counsel who advised that his client had responded to similar discovery demands related to electric dryers and additional documents would be forthcoming. The documents never came. In fact, Defendant has yet to even identify the other models with similar elements or characteristics.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully submits that the Court enter an Order granting sanctions against Defendant as more specifically set forth in the Declaration of Counsel filed herewith.

Respectfully Submitted,

**CARROLL MCNULTY & KULL LLC**

Dated: Basking Ridge, New Jersey  By:  */s/ Nicholas A. Vytell*
       May 29, 2013         Nicholas A. Vytell, Esq.

       120 Mountain View Boulevard
       Post Office Box 509
       Basking Ridge, New Jersey 07920
       Tel.    908.848.6300
       Fax    908.848.6310

       570 Lexington Avenue, 8th Floor
       New York, New York, 10022
       Tel.    645.625.4000
       Fax    645.625.4044
       nvytell@cmk.com
       Attorneys for Plaintiff