UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG CASSINI, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, <br><br> Defendants. | Civil Action No. 11-1237(AJN)(JCF) <br><br> **DECLARATION OF COUNSEL IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY PURSUANT TO FED.R.CIV.P. 37** |

NICHOLAS A. VYTELL, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am an attorney-at-law of the State of New York, admitted to appear *pro hac vice* in this action, and associated with the law firm of Carroll McNulty & Kull, LLC, counsel for Plaintiff, Oleg Cassini, Inc. ("Plaintiff" or "OCI") in the above-captioned action. As such, I have personal knowledge of the facts and matters set forth herein.

2. I make this Declaration in further support of Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b) and (d) or, in the alternative, to compel discovery pursuant to Fed.R.Civ.P. 37(a).

3. This motion arises out of Defendant's complete disregard for the Federal Rules of Civil Procedure and this Court's prior Order related to discovery. Due to Defendant's continued bad-faith conduct, and in light of the impending fact discovery deadline, on May 29, 2013 Plaintiff was forced to file this second motion seeking basic discovery. Defendant's opposition, if any, was to be filed on or before Wednesday, June 5, 2013 in accordance with Local Civil Rule 6.1(a). We did not receive any communication from Defendant's counsel after the filing of

the motion and Defendant failed to file timely opposition.

4. On June 6th, the undersigned received correspondence from Defendant's counsel dated June 3rd (**Exhibit A**, hereto) producing a portable hard drive allegedly containing documents responsive to Plaintiff's outstanding discovery demands. Initial review of the hard-drive indicates that it contains approximately **162,000** documents that have not been previously produced in this action. Of these documents, there are approximately 28,500 TIFF files each containing multiple pages and 3,000 Excel spreadsheets with multiple worksheets and numerous pages.

5. This is an egregious example of the bad-faith and vexatious discovery tactics that Defendant has engaged in throughout this litigation, and in the numerous other cases arising out of its defective products. As one commentator has aptly described this strategy, "[i]If stonewalling doesn't work, defendants sometimes attempt to drown plaintiffs by providing so many documents in such a disorganized fashion that the plaintiffs are unable to cope with them." 2 Litigating Tort Cases § 14:48.

6. Although we have just begun our review of the astounding number of documents produced, the vague index produced by Defendant indicates the production includes claim files from other electric dryer fires, emails with engineers regarding dryer fires, and testing documents for the dryer at issue. These documents were demanded and should have been produced months, if not years ago.

7. In fact, although we are nowhere near completing our review of the production, it is apparent that Defendant has still failed to provide written responses to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents. In addition, despite numerous assurances, Defendant still has not produced electronic copies of photographs from the scene of

the fire, despite the Declaration of John Lentini regarding the need for same.

8. The timing, manner, and form of Defendant's production are particularly telling. The production was made twenty-four (24) days before the scheduled end of fact discovery, nearly two (2) years after Plaintiff's original discovery demands, four (4) months after this Court's Order compelling discovery, and after the time for Defendant to oppose Plaintiff's motion for sanctions had expired.

9. Although Defendant produced an "index" with the production, it contains only fifteen (15) general categories and does not in any way provide the specificity required to comply with Fed.R.Civ.P. 33(d) or make clear the discovery demands to which the documents purportedly respond. The time to just download these documents in our system will be in excess of four (4) hours. The production will then require additional processing to make the documents accessible and searchable. This will include outside technician time to create a "load file" so that the documents may be viewed in a document database. The cost to make the documents accessible and searchable will be approximately $3,500.

10. Moreover, in light of Defendant's delay in producing discovery, there is simply no way that Plaintiff can identify the documents relevant to this case and persons from whom deposition testimony is necessary on the current discovery schedule. In order to even attempt to complete discovery in a timely fashion, Plaintiff will be forced to assign an additional attorney (or two) to review the production. Even with the undersigned counsel reviewing the production, another attorney will necessarily have to spend no less than forty (40) hours assisting in the review in order to prevent further extended delays in this action. Of course, even then, there is little assurance that the documents produced are responsive and complete.

11. Based upon the foregoing, we respectfully submit that the most severe sanction be imposed in this case. Defendant has still failed to respond to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents such that striking its answer would be warranted. There is simply no good-faith explanation or excuse for Defendant's bad-faith and dilatory conduct in this action and no assurance that anything less than the most severe sanction will alter Defendant's approach.

12. Even if the Court were not inclined to impose such a final sanction, Plaintiff respectfully submits in the interest of justice (and judicial economy) that the adverse inferences and other sanctions requested in Plaintiff's moving papers be imposed upon Defendant. The Court simply should not condone Defendant's improper conduct especially where, as here, Defendant has numerous other litigations in courts throughout the country. Neither Plaintiff nor this Court should be further burdened by Defendant's improper discovery tactics. Defendant should be forced to move forward to trial constrained with the discovery previously produced and the adverse inferences warranted by its intentional withholding of discovery.

13. Alternatively, Plaintiff respectfully requests that the Court not allow Defendant to benefit from its wrongful conduct. Should the Court elect to allow the recent discovery, Plaintiff respectfully requests that the Court enter an Order: (1) Compelling Defendant to produce full and complete responses to Plaintiff's Third Set of Interrogatories and Third Notice to Produce within three (3) days; (2) Extending the time for factual discovery for two (2) months (until September 1, 2013) in order to permit Plaintiff a meaningful opportunity to process and review Defendant's latest production; (3) Awarding sanctions against Defendant and in favor of Plaintiff in the amount of $15,500 for the cost of processing ($3,500) and additional counsel time required to

review the documents on an expedited basis ($12,000); and (4) Awarding the costs and attorneys' fees associated with the present motion in the amount of $5,400 in accordance with Fed.R.Civ.P. 37.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that Defendant's Answer be Stricken or that the Court enter such other Order as justice requires for Defendant's bad-faith failure to provide discovery in accordance with Fed.R.Civ.P. 37.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Basking Ridge, New Jersey  By:   /s/ Nicholas A. Vytell
       June 10, 2013

Nicholas A. Vytell, Esq.
**CARROLL MCNULTY & KULL LLC**
120 Mountain View Boulevard
Post Office Box 509
Basking Ridge, New Jersey 07920
Tel.   908.848.6300
Fax   908.848.6310

570 Lexington Avenue, 8th Floor
New York, New York, 10022
Tel.   645.625.4000
Fax   645.625.4044
nvytell@cmk.com
Attorneys for Plaintiff