UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG CASSINI, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE, <br><br> Defendants. | Civil Action No. 11-1237(AJN)(JCF) <br><br> **DECLARATION OF COUNSEL IN SUPPORT OF AWARD OF ATTORNEYS' FEES IN ACCORDANCE WITH COURT'S ORDER AND PURSUANT TO <u>FED.R.CIV.P. 37</u>** |

NICHOLAS A. VYTELL, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.   I am an attorney-at-law of the State of New York, admitted to appear *pro hac vice* in this action, and associated with the law firm of Carroll McNulty & Kull, LLC.  Along with Reppert Kelly LLC, we are counsel for Plaintiff, Oleg Cassini, Inc. ("Plaintiff" or "OCI") in the above-captioned action.  As such, I have personal knowledge of the facts and matters set forth herein.

2.   I make this Declaration in support of the award of attorneys' fees and costs pursuant to <u>Fed.R.Civ.P.</u> 37 and in accordance with the Court's Memorandum and Order dated June 19, 2013 [Docket Entry No. 48].

3.   I have been an attorney since my admission to the Bar of the State of New Jersey and the District of New Jersey in 2008.  I have been admitted to the Bar of the State of New York since July, 2012.  Although I have only recently been admitted to the Bar of the State of New York, I have previously appeared *pro hac vice* in numerous cases in the federal and state courts of New York, including in the Southern District of New York.  In addition, I have represented clients in federal courts throughout the country including, the District of New Jersey,

1

the Western District of Missouri, the Central District of California, and the Eastern District of California.

4. After a one-year clerkship, in 2009, I began practicing with Carroll McNulty & Kull LLC, which has offices in New York and New Jersey and represents individual, corporate, and institutional clients throughout the country. My practice has focused almost exclusively on representing clients in litigation in a number of different practice areas including, among others, products-liability, intellectual property, employment, and complex commercial disputes.

5. I have been the associate attorney primarily responsible for the handling of this matter since approximately June, 2012. During this time, I have reported to J. Vincent Reppert, Esq., the partner responsible for the handling of this matter.

6. Mr. Reppert is a founding member of the law firm Reppert Kelly, LLC. He was admitted to practice in 1989 and is currently admitted to practice before the courts of the State of New York, the State of New Jersey, the U.S. District Courts for the Southern, Eastern, and Northern Districts of New York, the U.S. District Court of New Jersey, the U.S. Court of Appeals for the Second Circuit, and the Supreme Court of the United States. Mr. Reppert has practiced in commercial litigation for more than twenty (20) years and has tried cases in both the federal and state courts of New York. He has represented OCI for approximately fifteen (15) years in a multitude of matters.

7. OCI has agreed to compensate all attorney time spent in connection with this action at an hourly rate of $300.00 per hour for associate time, including myself, and $450.00 per hour for partner time, including Mr. Reppert.

8. All time spent in connection with this action is recorded contemporaneously with the performance of the work and billed to OCI in regular intervals. All expenses incurred in

connection with this action are similarly recorded and billed to OCI on a regular basis.

9. Attached hereto as **Exhibit A** is a copy of the contemporaneous time records for all attorney time spent in connection with the Motion for Sanctions or, in the alternative, to Compel Discovery [Doc. 43]. These expenses were incurred as a result of Defendant's improper and bad-faith failure to provide discovery and failure to comply with this Court's prior Order and were necessary in order to obtain compliance therewith. As reflected in the attached time records, the motion was handled primarily by the undersigned, without significant partner oversight, significantly reducing the costs that would have otherwise been incurred in obtaining Defendant's compliance with discovery.

10. As set forth in my prior declaration [Doc. 46, ¶ 13] and demonstrated by the time records attached hereto, OCI incurred a total of $5,400.00 for the preparation, drafting, and filing of the initial motion papers; the receipt and preliminary review of over 168,000 documents produced by Defendant while the motion was pending to identify any outstanding deficiencies; and the preparation, drafting, and filing of a reply declaration. These costs are directly attributable to Defendant's improper conduct and are properly awarded to OCI.

11. In addition, Defendant filed an untimely opposition to the motion in violation of Local Civil Rule 6.1, without the permission of this Court, after Plaintiff's reply and, in fact, after the return date of the motion. Defendant's untimely opposition resulted in additional costs and fees in connection with reviewing same and beginning to prepare a supplemental reply. Although the Court rendered its decision prior to Plaintiff's opportunity to file a supplemental reply, Plaintiff is nevertheless entitled to the costs and expenses incurred in connection with Defendant's late opposition to the motion. As demonstrated by the time records attached hereto, the additional fees incurred by Plaintiff as a result of Defendant's untimely filing were

$1,335.00.

12. Plaintiff should also be awarded the costs of reviewing the Court's decision and preparing the within application totaling $600.00

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an Order awarding sanctions against Defendant for the total of $7,335.00 in accordance with Fed.R.Civ.P. 37 and requiring that same be paid within seven (7) days of the date of this Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Basking Ridge, New Jersey       By:   */s/ Nicholas A. Vytell*
       June 25, 2013                                  Nicholas A. Vytell, Esq.
                                                          **CARROLL MCNULTY & KULL LLC**
                                                          120 Mountain View Boulevard
                                                          Post Office Box 509
                                                          Basking Ridge, New Jersey 07920
                                                          Tel.    908.848.6300
                                                          Fax    908.848.6310

                                                          570 Lexington Avenue, 8th Floor
                                                          New York, New York, 10022
                                                          Tel.    645.625.4000
                                                          Fax    645.625.4044
                                                          nvytell@cmk.com
                                                          Attorneys for Plaintiff