**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. 11-1237(AJN)(JCF) |
| Plaintiff, | |
| v. | **DECLARATION OF COUNSEL** |
| | **IN FURTHER SUPPORT OF AWARD OF** |
| ELECTROLUX HOME PRODUCTS, INC. | **ATTORNEYS' FEES AND IN RESPONSE** |
| d/b/a FRIGIDAIRE, | **TO DEFENDANT'S OPPOSITION** |
| Defendants. | |

NICHOLAS A. VYTELL, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am an attorney-at-law of the State of New York, admitted to appear *pro hac vice* in this action, and associated with the law firm of Carroll McNulty & Kull, LLC.  Along with Reppert Kelly LLC, we are counsel for Plaintiff, Oleg Cassini, Inc. ("Plaintiff" or "OCI") in the above-captioned action.  As such, I have personal knowledge of the facts and matters set forth herein.

2.       I make this Declaration in further support of the award of attorneys' fees and costs pursuant to Fed.R.Civ.P. 37 in accordance with the Court's Memorandum and Order dated June 19, 2013 (the "Order") [Docket Entry No. 48] and in response to Defendant, Electrolux Home Products, Inc's ("Defendant" or "Electrolux"), opposition to same [Docket Entry No. 50].

**I.      REASONABLENESS OF ATTORNEYS' FEES**

3.      This Court already properly determined that Defendant's untimely and improper discovery tactics mandate the award of sanctions.  Although the Court found that more severe sanctions are not warranted at this time, Plaintiff is entitled to recover the costs and reasonable attorneys' fees incurred in connection with the Motion for Sanctions.  The contention that

Defendant's counsel was not extended appropriate courtesies in connection with discovery is demonstrably false and belied by the record presented to the Court on the Motion for Sanctions. Defendant did not produce, and would not have produced, the requested discovery (including discovery mandated by this Court's February 7th Order) unless the Motion for Sanctions had been filed. Defendant has been afforded every courtesy in this action, even to the detriment of Plaintiff.

4.     Defendant does not contest the reasonableness of the fees or time spent in connection with preparing, drafting and filing the Motion for Sanctions, reviewing the Court's Order, and preparing the within application. Accordingly, Plaintiff should be awarded the fees incurred on May 24th, 28th, 29th and June 19th and 24th.

5.     Defendant's complaints regarding the fees incurred on June 6th and 10th are astounding. As previously noted, rather than file timely opposition, on June 6, 2013, Defendant served Plaintiff with approximately 160,000 additional documents and a request to withdraw the Motion for Sanctions. At the time, the Motion for Sanctions was returnable before Your Honor on June 12th. Accordingly, Plaintiff was forced to immediately begin to process and review the recently served production in order to determine: (1) if the motion could be withdrawn; or (2) whether a supplemental submission to the Court was necessary. Counsel had an obligation to this Court to review the recent production to the best of its ability on an expedited basis in order to apprise the Court in good-faith of any changes in the prior representations made regarding discovery. It is untenable for Defendant to suggest that Plaintiff did not have a right and an obligation to review the documents and file a supplemental declaration apprising the Court of the recent events. Certainly, Defendant would have complained if Plaintiff had failed to alert the Court to the production. These fees were the result of Defendant's untimely production and were

necessarily incurred in connection with the Motion for Sanctions.  Accordingly, Plaintiff should be awarded the fees incurred on June 6th and 10th.

6.      Defendant's complaints regarding the fees incurred on June 17th and 18th are equally unfounded.  Defendant filed untimely opposition to the Motion for Sanctions on June 14, 2013, nine days after the opposition was due and two days after the motion was returnable. Defendant's untimely opposition was in violation of the Federal Rules of Civil Procedure, the Local Civil Rules, and without any request to the Court or Plaintiff's counsel to consent to the filing of same.  In its opposition, Defendant accused Plaintiff of "spoliation of evidence" and litigating this action on "its own timetable."  It is absurd for Defendant to take the position that Plaintiff did not have the right to review its untimely opposition (especially for factual accuracy in light of the numerous misrepresentations that Defendant has made in this action) and begin preparing an appropriate response.  Defendant should not be heard to complain about the fees incurred by Plaintiff as a result of Defendant's own improper conduct, first in failing to provide discovery and then in failing to follow proper procedure on the Motion for Sanctions. Accordingly, Plaintiff should be awarded the fees incurred on June 17th and 18th.

7.      Plaintiff concedes that the June 13th fees were not directly related to the Motion for Sanctions and, therefore, withdraws the request for fees related to same.

## II.   DEFENDANT'S IMPROPER "MOTION FOR RECONSIDERATION"

8.      Defendant's argument that it complied with the Court's February 7th Order and *de facto* request for reconsideration is improper and patently false.  Defendant contends[1], in part, that it was "simply an inexact choice of words" and that Defendant actually produced documents

---

[1] Notably, the argument that Defendant made "timely and full production of the required documents" is not contained in a certification of Defendant's representative or declaration of counsel.

related to dryers other than the model at issue in this action (i.e. "model<u>s</u>") prior to the filing of the Motion for Sanctions.

9.     This is the first time Defendant has taken this position and is inconsistent with Defendant's numerous prior representations to Plaintiff and this Court.  As noted in this Court's Order, Defendant's untimely opposition repeatedly asserted that it was only required to produce documents related to the "dryer model at issue" in this action.  (Order, p. 10).  It was this position that the Court found demonstrated that Defendant "[did] not understand what the February 7 Order required."  (<u>Id.</u>).

10.     Prior to the Motion for Sanctions, Defendant similarly represented to Plaintiff's counsel that only documents related to the model at issue in this action were produced.  In response to Plaintiff's request for supplemental discovery responses, Defendant maintained that "[a]ll documents relating to prior accidents, complaints, and litigation ***regarding the dryer model at issue in this case***" had been produced.  (<u>See</u> <u>Letter from Defendant's Counsel dated May 1, 2013</u>, at p. 1, attached hereto at **Exhibit A**[2](***emphasis added***).  In response to an express demand for documents related to other fires, Defendant responded, in part, that "Electrolux has produced the claim files for ***the dryer model at issue in response to the Court's order*** […]."  (<u>Id.</u> at p. 2)(***emphasis added***).  This untenable position consistently taken by Defendant precipitated, in part, the filing of the Motion for Sanctions.

11.     In fact, Defendant's representation that it simply provided an "inexact description" to the Court and that it had actually produced documents regarding other dryer models prior to the Motion for Sanctions is demonstrably false.  Defendant's pre-motion

---

[2] The letter was also attached at to the Declaration of Counsel in Support of the Motion for Sanctions at Exhibit I (Docket Entry No. 44-2, at p. 25], but is included herewith for ease of reference.

production included, by its own description, "the claim files for Kathleen Skowyr, Isabelle Steiger, Lydie Pierri Louis, and Lorraine Diblase." (Id. at p. 1). Each of these claims involved a fire caused by Frigidaire Gallery Series Electric Dryer bearing model number GSEQ642AS. This is the exact same model number at issue in this action and no documents regarding any other models were produced prior to the Motion for Sanctions.

12.      Although we are nowhere near complete with our review of Defendant's recent 160,000 page document dump, there were fires in other "under-the-counter" models that were not produced by Defendant prior to the Motion for Sanctions. The general "index" produced by Defendant (attached hereto at **Exhibit B**) indicates that approximately 20,000 pages of "[r]eadily available claim files for electric dryers" are included in the production.[3] Initial review of these documents reveals that Defendant received claims regarding fires in other dryers that appear to be designed for under-the-counter use including, specifically and without limitation, model numbers GLGQ332AS3, LGQ6400FS0, and FSE446RHS2. These were not produced prior to the Motion for Sanctions.

13.      It is also apparent from review of the "readily available claim files" that many of the claims involved instances where the model and serial number were unknown due to the extent of the damage caused by the fire. What is not apparent is how Defendant determined that these claims did not involve the model at issue in this action or an under-the-counter dryer as required by the February 7 Order. These documents were also only produced after the Motion for Sanctions was filed.

14.      Based upon the foregoing, any claim that Defendant "made [a] timely and full

---

[3] It is not yet clear what the "readily available" designation means or what documents Electrolux has decided to withhold as not "readily available".

production of the required documents" or that this Court's Order was based on Defendant's "inexact choice of words" in describing the production is patently false and intentionally misleading.  This is exactly the type of bad-faith conduct that warrants sanctions.

15.    Defendant further overlooks the independent bases for sanctions in the Court's Order for Defendant's failure to provide timely responses to Plaintiff's Third Set of Interrogatories, Third Request for Production of Documents, and the documents related to the *Schantz* Action.  (Order, at p. 9).  Defendant provides no excuse or justification for the late production.  Accordingly, even in the absence of Defendant's blatant violation of the Court's Order and its misrepresentations on the present application as set forth above, Plaintiff should be awarded the costs and fees requested.

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an Order awarding sanctions against Defendant for the total of $7,215.00[4], to reflect to amount of costs and reasonable attorneys' fees incurred in connection with the Motion for Sanctions.

---

[4] The amended total reflects a reduction of $120.00 for the fees incurred on June 13, 2013.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Basking Ridge, New Jersey       By:       /s/ Nicholas A. Vytell
       July 9, 2013                              Nicholas A. Vytell, Esq.
                                                 CARROLL MCNULTY & KULL LLC
                                                 120 Mountain View Boulevard
                                                 Post Office Box 509
                                                 Basking Ridge, New Jersey 07920
                                                 Tel.    908.848.6300
                                                 Fax     908.848.6310

                                                 570 Lexington Avenue, 8th Floor
                                                 New York, New York, 10022
                                                 Tel.    645.625.4000
                                                 Fax     645.625.4044
                                                 nvytell@cmk.com
                                                 Attorneys for Plaintiff