# EXHIBIT A

**GOLDBERG SEGALLA**<sup>LLP</sup>

John P. Freedenberg | Partner
Direct 716.566.5487 | jfreedenberg@goldbergsegalla.com

May 1, 2013

**BY ELECTRONIC MAIL**
J. Vincent Reppert, Esq.
Reppert Kelly, LLC
120 Mountain View Boulevard
Post Office Box 509
Basking Ridge, New Jersey 07920

Nicholas A. Vytell, Esq.
Carroll, McNulty & Kull, LLC
570 Lexington Avenue, 8th Floor
New York, New York 10022

   Re: **Oleg Cassini Inc. v. Electrolux Home Products**
      **Our File No. 4520.0007**

Gentlemen:

  In response to your letter of April 12, 2013, Electrolux provides this correspondence. Electrolux has, in fact, complied with the Court's Order regarding the production of documents, despite your overly broad reading of the Court's Opinion. In complying with the Court's Order, Electrolux has produced all of the documents in its possession responsive to the discovery ordered by the Court on February 7, 2013, including:

   1. The identity of the person with knowledge regarding the sales of the dryer model at issue in this case.

   2. All documents relating to prior accidents, complaints, and litigation regarding fires caused by the dryer model at issue in this case, specifically, the claim files for Kathleen Skowyr, Isabelle Steiger, Lydie Pierri Louis, and Lorraine Diblase.

   3. An affidavit that Electrolux has produced all documents it received from its agents in this matter and it does not possess any reports of Tom Bajzek, Raymond Negron or Jonathan Derow.

  The Court's Order did not require Electrolux to produce anything beyond these three categories of things. Electrolux has complied with the Court's Order and takes issue with your attempts to broaden the Court's decision to argue that Electrolux has failed to comply. Electrolux further responds to your specific requests as follows:

  **Interrogatory No. 6:** Electrolux has not performed any safety studies on the dryer model at issue specifically and has no further response to this Interrogatory. Further, Electrolux states that all

665 Main Street, Suite 400 | Buffalo, New York 14203-1425 | 716.566.5400 | Fax 716.566.5401 | www.GoldbergSegalla.com

NEW YORK | LONDON | PHILADELPHIA | PRINCETON | HARTFORD | BUFFALO | ROCHESTER | SYRACUSE | ALBANY | WHITE PLAINS | GARDEN CITY

J. Vincent Reppert, Esq.
Nicholas A. Vytell, Esq.
May 1, 2013

Page 2

electric dryers are designed, tested, and manufactured in accordance with the voluntary safety standards set forth in UL 2158. UL 2158 is subject to a copyright and cannot be produced, but is publicly available.

**Interrogatory No. 9:** Although it is unclear what you mean by safety testing, Electrolux has responded to this Interrogatory to the best of its ability. As identified in Electrolux's response to this Interrogatory, Electrolux designs, tests and manufactures all electric dryers, including the dryer model at issue, to comply with the voluntary safety standards set forth in UL 2158 from the Underwriters Laboratories. These documents are copyrighted and cannot be produced, but are equally available to Plaintiff.

**Interrogatory No. 12:** Electrolux has produced the claim file for the 2004 fire, which contains all of the documents Electrolux has retained. Electrolux has no further documents regarding this matter.

**Interrogatory No. 13:** Electrolux has produced the claim files for the dryer model at issue, which contains the designation of consultants. Electrolux has no further documents regarding the dryer model at issue that are responsive to this request.

**Interrogatory No. 16:** Electrolux has produced the claim files for the dryer model at issue in response to the Court's order. This includes claim files for Kathleen Skowyr, Isabelle Steiger, Lydie Pierri Louis, and Lorraine Diblase, which contain information responsive to this request. Likewise, Electrolux identified these claimants in its Interrogatory responses.

**Request Nos. 1, 2, 3 and 23:** Electrolux has produced the claim files for the dryer model at issue in response to the Court's order, which contains all of the documents Electrolux has retained for these matters. These are the only four claim files Electrolux has for the dryer model at issue and Electrolux has produced all of the documents from those claim files in accordance with the Court's Order. If the documents were not in the claim file, Electrolux does not have any such documents and cannot produce what it does not have.

Additionally, Plaintiff repeatedly has referred to testing conducted at the Lulea University of Technology. Electrolux is unaware of any such testing and has no such documents in its possession, as it has previously told Plaintiff.

**Request No. 4:** Electrolux has produced the entire claim file for the 2004 dryer fire on the Oleg Cassini property. Electrolux has no further documents responsive to this request. Often, when claims are closed, only a few documents are retained.

**Request Nos. 5 and 9:** Electrolux has produced the entire claim file for the 2008 dryer fire in the format they were stored. We have previously provided Mr. Bajzek's photos in paper format. At your request, we will provide them to you in digital format as well. Electrolux has no further documents responsive to this request.

J. Vincent Reppert, Esq.
Nicholas A. Vytell, Esq.
May 1, 2013

Page 3

**Initial Disclosures:** Electrolux has enclosed the product literature for the dryer model at issue. Electrolux will be willing to produce engineering drawings for the dryer model at issue if Plaintiff identifies a particular part(s) at issue and executes the agreed protective order.

The majority of the information and the documents you seek were not addressed by the Court and Electrolux takes issue with Plaintiff's representation that it did. The Court's order addresses only identification of an individual knowledgeable about sales of the dryer model at issue; prior accidents, claims and litigation involving the dryer model at issue ("under-the-counter"); and documents regarding the 2008 dryer fire. Electrolux has complied with the Court's order.

Nevertheless, Electrolux is willing to discuss the further production of additional documents, in light of proceedings in this matter, and is open to expanding its production to other electric dryers upon execution and entry of the protective order.

Very truly yours,

John P. Freedenberg

JPF/lar
1028902.1

# EXHIBIT B

Cassini Production Index

| Bates-Range | Description |
| --- | --- |
| EHP CASSINI 0000238-0016274; 0016385-0020735 | Readily available claim files for electric dryers |
| EHP CASSINI 0016275-0016355 | Emails from AHAM to Electrolux |
| EHP CASSINI 0020736-0022622 | Depositions from State Farm (Haroutounyan) v. Electrolux |
| EHP CASSINI 0022623-0022654 | Service Provider Policy |
| EHP CASSINI 0022655 | Annual Demand for Flexible Foil Venting |
| EHP CASSINI 0022656-0022671 | Service Provider Application |
| EHP CASSINI 0022672-0044030; 0045330-0136553 | Emails to and from engineers, including Carl King, Brian Ripley, Mike Ricklefs, John Jergens, and Shelley Clausen responsive to the terms "fire, burn, smoke, and melt" and all derivatives |
| EHP CASSINI 0044031-0044418 | Communications with the CPSC |
| EHP CASSINI 0044419-0044485 | Engineering Design Drawings, Engineering Change Notices, and Document Change Requests for heater pan, felt seal, drum, drum glide, air duct, air duct seal, and blower housing |
| EHP CASSINI 0044486-0044585 | Emails from quality to engineering regarding the felt seal |
| EHP CASSINI 0044586-0044621 | Comparative Lint Testing Documents |
| EHP CASSINI 0044622-0045329 | Technical Training Manuals, Service Manuals and Service Bulletins |
| EHP CASSINI 0136554-0151768 | Testing Documents for Dryers |
| EHP CASSINI 0151769-0158580 | Engineering Design Binders for the Alliance, Next Level, and Affinity Platforms |
| EHP CASSINI 0158581-0163142 | Production, Depositions, and Expert Reports from Schantz; Corporate Retention Policies, and Warranty Data for electric dryers responsive to the terms "fire, burn, melt, and smoke" and all derivatives |