```
UNITED STATES DISTRICT COURT                (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -:
OLEG CASSINI, INC.                   : 11 Civ. 1237 (LGS) (JCF)
                                     :
              Plaintiff,             :      MEMORANDUM
                                     :      AND ORDER
                                     :
       - against -                   :
                                     :
ELECTROLUX HOME PRODUCTS, INC.,      :
                                     :
              Defendant.             :
- - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7 26 13

     On May 29, 2013, Oleg Cassini, Inc. ("Oleg Cassini") filed a
motion for sanctions against Electrolux Home Products, Inc.
("Electrolux"), arguing that Electrolux had failed in its discovery
obligations and seeking compliance with those obligations.  On June
19, 2013, I granted the motion in part, finding that Electrolux had
not timely produced three categories of discovery responses: (1)
responses to Oleg Cassini's Third Set of Interrogatories and Third
Request for Production of Documents; (2) documents Electrolux had
agreed to produce from an action captioned Donegal Mutual Insurance
Co. a/s/o Vanessa Schantz v. Electrolux North America, No.
1:08-cv-2171 (M.D. Pa. Dec. 3, 2008); and (3) discovery related to
under-the-counter dryer models other than the specific model
involved in the 2008 fire upon which this litigation is based.
(Order dated June 19, 2013 ("June 19 Order")).[1]  I awarded Oleg
Cassini the attorneys' fees and costs it incurred in bringing the
motion, subject to submission of contemporaneous time records from

---

[1] Familiarity with the June 19 Order is presumed.

1

counsel.  (June 19 Order at 14-15).  Those records were provided on June 25, 2013.  (Itemized Listing of Professional Services Rendered, and Not Previously Billed, for the Period from May 1, 2013 through June 25, 2013 ("Billing Records"), attached as Exh. A to Declaration of Nicholas A. Vytell dated June 25, 2013 ("1st Vytell Decl.")).  Based on those records, I award Oleg Cassini $6,255.00 in attorneys' fees, to be paid by Electrolux as a sanction pursuant to the June 19 Order.

Discussion

Before I consider Oleg Cassini's submission, I must address an issue raised in Electrolux's papers.  While "underst[anding] that the Court has already decided that a fee award is merited," (Electrolux Home Products, Inc.'s Response to Plaintiff's Fee Application on Motion for Sanctions ("Def. Memo.") at 3), Electrolux nevertheless spends two pages of its three-page response re-arguing its opposition to Oleg Cassini's sanctions motion, including asking me to revisit my finding that Electrolux had not timely produced required discovery related to other under-the-counter dryer models (Def. Memo. at 1).  A submission concerning calculation of the monetary sanction to which Oleg Cassini is entitled is not the proper vehicle to re-argue the merits of the underlying sanctions motion.  See Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Civil Rule 6.3.  Therefore, I will not entertain these arguments.[2]

--------

[2] If I were to address them, I would adhere to my earlier finding, as Electrolux has not "demonstrate[d] that the Court overlooked the controlling decisions or factual matters that were

Oleg Cassini seeks $7,215 in sanctions, which comprises fees
for 23.30 hours of work by two attorneys.[3]  (Billing Records at 4;
2nd Vytell Decl. at 6 n.4).  J. Vincent Reppert is a named partner
in the firm Reppert Kelly, LLC, was admitted to practice in 1989,
and has represented Oleg Cassini for approximately 15 years.  (1st
Vytell Decl., ¶ 6).  In the period running from May 24, 2013,
through June 24, 2013, Mr. Reppert performed 1.5 hours of service
at a rate of $450 per hour.  (1st Vytell Decl., ¶ 7; Billing
Records at 4).  Nicholas A. Vytell is an associate of the law firm
Carroll McNulty & Kull, LLC, who has been practicing law since
2008.  (1st Vytell Decl., ¶¶ 1, 3).  He billed 21.80 hours at $300
per hour.  (1st Vytell Decl., ¶ 7; Billing Records at 4; 2d Vytell
Decl. at 6 n.4).

Electrolux has not challenged the hourly rates charged, and I
find them reasonable.  See Mister Sprout, Inc. v. Williams Farms
Produce Sales, Inc., 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012)
(stating, "Counsel's billing rates are strong evidence of
prevailing market rates," and collecting cases); DLJ Mortgage
Capital, Inc. v. ACT Lending Corp., No. 07 Civ. 10318, 2008 WL
5517589, at *8 (S.D.N.Y. Dec. 1, 2008) (collecting cases approving

put before the Court in the underlying motion." Chepilko v. Cigna
Life Insurance Co. of New York, __ F. Supp. 2d __, __, 2013 WL
3387832, at *1 (S.D.N.Y. 2013) (setting out standard for motion for
reconsideration).

[3] Originally, the plaintiff sought $7,335.00 for 23.70 hours.
(Billing Records at 4).  However, counsel conceded in their reply
declaration that 0.40 hours billed on June 13, 2013, should not
have been included in the application.  (Declaration of Nicholas A.
Vytell dated July 9, 2013 at 6 n.4 ("2nd Vytell Decl.") at 6 n.4).

hourly rates of up to $725 for senior partners and $350 for associates).

Electrolux does object to the number of hours billed. The defendant argues that the following time is not recoverable: (1) hours spent reviewing Electrolux's (untimely) production; (2) hours spent on Oleg Cassini's reply brief which complained about the size of Electrolux's (untimely) production; and (3) hours spent on June 17 and 18, 2013, holding office conferences, reviewing discovery, planning for depositions, and preparing a brief that was not filed. (Def. Memo. at 3). Finally, Electrolux complains that the attorneys' time entries are block-billed and "leaves to [my] judgment the determination of whether the entries of May 28 and 29 reflect a reasonable amount of time spent on the motion." (Def. Memo. at 3).

I agree that time spent reviewing the untimely production is not recoverable. Oleg Cassini would have had to review the discovery even if it had not filed its motion; therefore, those fees were not "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Therefore, I will deduct the 3.20 hours spent reviewing the production on June 6, 2013.

The rest of the fees requested are recoverable. Oleg Cassini had a right to file its reply papers (even though Electrolux failed to timely file its opposition), and so the time spent on June 10, 2013, drafting and filing that submission is recoverable. The fact that it primarily complained about a "document dump" rather than addressed the substantive arguments in the original motion is

4

largely due to Electrolux's late production of the documents and its failure to file a timely opposition.   It would be inequitable to deny Oleg Cassini's request for the fees related to that filing on the basis that "[t]he plaintiff did not prevail on that part of its motion." (Def. Memo. at 3 (emphasis omitted)).   Indeed, "that part of its motion" -- really a request in Oleg Cassini's reply submission -- was motivated by Electrolux's recalcitrance, which is the basis for the award of sanctions.

Contrary to Electrolux's representation, the entries for June 17 and 18, 2013, do not include charges for reviewing discovery. They do include hours spent reviewing Electrolux's untimely opposition, as well as preparing to file a response to that opposition.   Preparation of that response was necessitated by Electrolux's untimely opposition, and, although the response was not filed, that was because my June 19 Order made the filing unnecessary.   Therefore, the fees charged for work on June 17 and 18 are properly included in the sanctions against Electrolux.

Finally, I find that it was reasonable to spend 10.4 hours spent preparing the initial motion during the period from May 24 to May 29, 2013.   To be sure, block-billing can make it more difficult to determine reasonableness.   But,

> block[-]billing is not automatically disfavored by courts
> in this district.   Thus, courts have generally limited
> across-the[-]board reductions to situations where there
> was evidence that the hours billed were independently
> unreasonable or that the block-billing was mixing
> together tasks that were not all compensable, or not all
> compensable at the same rate.

Adusumelli v. Steiner, Nos. 08 Civ. 6932, 09 Civ. 4902, 10 Civ.

4549, 2013 WL 1285260, at *4 (S.D.N.Y. March 28, 2013) (internal quotation marks and citations omitted). Here, it does not appear that the block-billing has "obscured . . . unreasonable billing." Id. at *5 (alteration in original) (internal quotation marks omitted). Therefore, I will not reduce the hours charged in these time entries.

Conclusion

Electrolux Home Products, Inc. is ordered to pay Oleg Cassini, Inc. $6,255.00 pursuant to the June 19 Order. Payment shall be made within one week of the date of this Order.

SO ORDERED.

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 26, 2013

Copies mailed this date:

Timothy B. Parlin, Esq.
Nicholas A. Vytell, Esq.
Carroll, McNulty & Kull L.L.C.
120 Mountain View Boulevard
Basking Ridge, NJ 07920

J. Vincent Reppert, Esq.
Christopher P. Kelly, Esq.
Reppert Kelly & Satriale, LLC
120 Mountain View Boulevard
Basking Ridge, NJ 07920

John P. Freedenberg, Esq.
Goldberg Segella LLP
665 Main Street, Suite 400
Buffalo, New York 14203

Marianne Arcieri, Esq.
Goldberg Segalla LLP
11 Martine Avenue, Suite 750
White Plains, NY 16060