UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLEG CASSINI, INC.,

                Plaintiff,

vs.                                                          Case No. 11-CV-1237(LGS)(JCF)

ELECTROLUX HOME PRODUCTS, INC.

                Defendant.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
<u>MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY OF PHILLIS ROGOFF</u>**

                                        GOLDBERG SEGALLA LLP
                                        John P. Freedenberg
                                        *Attorneys for Defendant*
                                        *Electrolux Home Products, Inc.*
                                        665 Main Street, Suite 400
                                        Buffalo, New York 14203
                                        (716) 566-5400
                                        jfreedenberg@goldbergsegalla.com

January 14, 2014

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................................1

II. STATEMENT OF CASE............................................................................................................1

III. STATEMENT OF FACTS .......................................................................................................2

IV. QUESTIONS PRESENTED ...................................................................................................4

V. ARGUMENT................................................................................................................................4

    A. Rogoff lacks evident qualification to render expert testimony in this action. ................6

    B. Rogoff's opinions are not based on sufficient facts and data and are otherwise not reliable. ...........................................................................................................7

    C. Rogoff's opinions will not assist the trier of fact and should be excluded. ....................9

VI. CONCLUSION.........................................................................................................................10

Case 1:11-cv-01237-LGS-JCF   Document 67   Filed 01/16/14   Page 3 of 13

## TABLE OF AUTHORITIES

*Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993) ............................... 1, 4, 5, 7, 9, 10
Federal Rule of Evidence 702 ........................................................................................ 1, 5, 7, 8, 9
Fed.R.Civ.P. 26 ............................................................................................................... 1, 7, 8
*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ................................................ 5, 7
*Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) .... 5, 9
*Pozefsky v. Baxter Healthcare Corp.*, 2001 WL 967608 (N.D.N.Y. 2001) ....................... 5-6
*LaBarge v. Joslyn Clark Controls, Inc*., 242 Fed. Appx. 780 (2d Cir. 2007) ..................... 6
*Toole v. Toshin Co.*, 2004 U.S. Dist. LEXIS 30061 (W.D.N.Y. 2004) .............................. 6
*Nimley v. City of N.Y.,* 414 F.3d 381, 396 (2d Cir. 2005) .................................................. 6, 9
*Edge Group WAICCS LLC v. Sapir Group LLC*, 705 F.Supp.2d 304, 316 (S.D.N.Y. 2010) .................................................................................................................................. 9
*E.E.O.C. v. Bloomberg L.P.*, 2010 U.S. Dist. LEXIS 92511, 2010 WL 3466370 (S.D.N.Y. 2010) ............................................................................................................... 9

## I.  INTRODUCTION

Defendant, Electrolux Home Products, Inc. ("Electrolux" or "Defendant"), files this Memorandum in Support of its Motion *in Limine* to Preclude the Testimony of Plaintiff's purported expert Phillis Rogoff ("Rogoff") pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993), and Federal Rule of Evidence 702.  Rogoff has been identified by plaintiff as an expert retained to offer opinions regarding the value of certain sketches, drawings and art works damaged in a residential fire.  As set forth in detail herein, Rogoff lacks evident qualification to offer this testimony.

Furthermore, Rogoff's methodology could not be analyzed or tested, because she failed to produce any notes, research, documents, data, literature or other supporting information.  She claims to have employed the "comparative market data" approach to reach her opinions, but she was unable to identify any comparable items considered in her evaluation.  For these reasons, her testimony should be excluded as unreliable and not helpful to the jury.

## II.  STATEMENT OF CASE

This product liability action arises from a dryer fire that occurred in August 2008, at the Oleg Cassini residence in Oyster Bay Cove, New York.  Mr. Cassini, a fashion designer, had passed away in March 2006.  Plaintiff alleges that smoke from the fire and water used in the fire suppression caused damage to sketches, drawings and art works that had been created by Mr. Cassini and stored in the basement of the residence.

Plaintiff retained Rogoff in 2010, two years after the fire, to examine and evaluate the damaged items.  Her "Damage/Loss Appraisal Report" dated October 22, 2010, was disclosed by plaintiff as an expert report pursuant to Fed.R.Civ.P. 26 on July 15, 2013.

### III.  STATEMENT OF FACTS

Plaintiff has offered Rogoff as an expert in the area of art appraisal.  She was retained in 2010 to appraise "artwork … destroyed and/or rendered useless" as an alleged result of the fire more than two years earlier.  Rogoff report, **Exhibit 3**, page 159.  "The water [used to suppress the fire] went through the floor into the rooms below.  The art was stored in this area." *Id.*

According to Rogoff, "[t]he comparative market data approach was used in establishing a value.  The appraised property was compared to the same or similar items offered for sale at the time of the fire at the estate of the late Mr. Cassini." *Id.*, p. 161.  She concluded that the items evaluated had a total market value of $233,360.  *Id.*, p. 3.  The items listed in the report lack detailed identifying descriptions.  *Id.*, pp. 5-8.  The items are not correlated to the non-indexed pages of accompanying photographs.  *Id.*, pp. 9-158.  The report includes no comparative market data.

Rogoff's curriculum vitae indicates she achieved a Bachelor of Fine Arts degree from Cornell University and a Masters of Industrial Design degree from Syracuse University.  *Id.*, p. 162.  At a point in time estimated to be twenty years ago, Rogoff was engaged full time in the business of art appraisal for about one year.  Rogoff deposition, **Exhibit 4**, pp. 8-9.  Her art business, known as "Precious Kingdom," has no internet presence or website.  *Id.*, pp. 9-11.  She has not advertised as an appraiser for ten years.  *Id.*, p. 11.  She has produced no articles or publications on the subject of art appraisal.  *Id.*, p. 12.  The website for her husband's veterinary practice shows Rogoff to be "working at the Animal Hospital of the Rockaways since it was first established in 1977.  She has been a receptionist and veterinary assistant, and now serves as hospital manager.  Phillis enjoys spending her free time with her family and pets and enjoys walking on the beach." *Id.*, p. 22.

Rogoff's deposition was conducted on September 26, 2013. *Id.* The notice for her deposition requested that she produce all documents, photographs, videos, standards, notes, data, research materials, articles and other written materials reviewed or relied upon in forming her opinions. *Id.*, p. 16. She testified that all of these items were destroyed as a result of hurricane damage that occurred eleven months earlier. *Id.*, pp. 13-17. In the time between the storm and her deposition, Rogoff was not asked by counsel to reproduce her file. *Id.*, p. 18. In the months since Rogoff's deposition, the requested materials have not been produced by plaintiff. The deadline for discovery in this action has now passed.

At deposition, Rogoff testified that her Cassini file was lost in the storm, but that there was nothing that she could not replace. *Id.*, p. 13. Her original notes, letters, back-up pages and research were lost. *Id.*, p. 14. The items requested to be produced at her deposition do not exist at this time. *Id.*, pp. 16-17. Those items are reproducible with time and effort. *Id.*, p. 17. Photographs and literature regarding exemplary or comparable works considered in her evaluation are not available. *Id.*, p. 18.

Rogoff defined her methodology as the comparative market data approach, which means that an object is valued by comparing it to similar and like objects that have sold previously. *Id.*, p. 57. She "decided to see what the sketches went for in the marketplace." *Id.*, p. 45. She did not remember finding any comparable items created by Mr. Cassini that had ever sold. *Id.*, pp. 46, 48, 51. She "attempted to" compare actual sales in the marketplace of comparable sketches prepared by designers who were contemporaries of Mr. Cassini, but "there is not a market" for this type of sketch. *Id.*, p. 53. If she were to recreate her notes, they would "perhaps" identify comparables in a way that would allow one to check their market sale prices. She could not do so from memory. *Id.*, pp. 56-57.

3

Rogoff could produce no papers allowing her to identify similar or like objects that have sold previously and were relied upon in creating her appraisal values. *Id.*, p. 57. She could not correlate items discussed in her narrative report with the accompanying photos. *Id.*, pp. 59-63. She could identify no comparable sales used to evaluate two manuscripts. *Id.*, p. 67. For items purportedly created by Mr. Cassini for Jacqueline Kennedy, Rogoff could not identify what it was that allowed her to make this association. *Id.*, p. 68. She even provided values for items that she never saw, and could not state how she obtained values for these items. *Id.*, pp. 69-70.

### IV.     QUESTIONS PRESENTED

Question No. 1:     Should Rogoff be precluded from testifying at trial as she is not qualified to render an opinion concerning the matters for which she has been declared as an expert?

Suggested Answer:     Yes.

Question No. 2:     Should Rogoff be precluded from testifying at trial as her opinions are not based on ascertainable facts and data and are otherwise unreliable?

Suggested Answer:     Yes.

Question No. 3:     Should Rogoff be precluded from testifying at trial as her testimony will not assist the trier of fact?

Suggested Answer:     Yes.

### V.     ARGUMENT

Under the Federal Rules of Evidence, "the trial judge must ensure that any scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). The district court has the "gatekeeping" responsibility of barring the introduction of conjecture and speculation by witnesses who may

4

not be qualified by knowledge or experience to render truly expert opinions on the matter at issue, and whose proffered testimony is not supported by appropriate validation and reliable scientific methodology. *Id.* at 590. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court clarified that this "gatekeeper" function applies not only to testimony based on "scientific" knowledge but to testimony based on "technical" and "other specialized" knowledge as well.

The district court must determine whether the expert's proffered testimony "has a sufficiently reliable foundation to permit it to be considered." *Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002), quoting *Daubert*, 509 U.S. at 597. Factors to be considered in determining reliability include whether (1) the testimony is grounded on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. F.R.E. 702. Additional factors that bear on reliability include whether a theory has been tested, whether it has been subjected to peer review and publication, the potential rate of error, and whether it has gained general acceptance in the relevant scientific community. *Amorgianos*, 303 F.3d at 266, citing *Daubert*, 509 U.S. at 593.

Testing is the hallmark of reliable scientific method. "Scientific methodology is based on generating hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry." *Daubert*, 509 U.S. at 593 (citation omitted). Where an expert's testimony is not supported by testing or published in peer review materials, courts will exclude such testimony. *Pozefsky v. Baxter Healthcare Corp.*, 2001 WL 967608 (N.D.N.Y. 2001) (testimony of plaintiff's two experts excluded where opinions were not scientifically reliable because, *inter alia*, they were not tested, subjected to peer review or

created through the use of definable scientific methodology); see also *LaBarge v. Joslyn Clark Controls, Inc*., 242 Fed. Appx. 780 (2d Cir. 2007); *Toole v. Toshin Co.*, 2004 U.S. Dist. LEXIS 30061 (W.D.N.Y. 2004) ("an expert's testimony must be grounded in the methods and procedures of science, and must be more than unsupported speculation or subjective belief").

Applying the above principles to the testimony of Rogoff, her opinions should be precluded. Simply put, Rogoff lacks evident qualifications to render an opinion concerning evaluation of the property for which plaintiff seeks recovery. More importantly, her opinions are not based on ascertainable facts and data, are otherwise unreliable, and will not assist the trier of fact.

**A.     Rogoff lacks evident qualification to render expert testimony in this action.**

For an expert to be qualified, the witness must possess specialized knowledge relating to the area of testimony. *See Nimley v. City of N.Y.,* 414 F.3d 381, 396 (2d Cir. 2005). Here, plaintiff has offered Rogoff as an expert in the appraisal and evaluation of drawings, sketches and art works. While Rogoff's curriculum vitae shows that she achieved relevant academic degrees at unspecified dates in the past, confirming her expertise as a currently active art appraiser proved challenging.

In the modern era, virtually every professional can be researched on the internet for validation of claimed expertise. Even if the professional does not maintain a website, his or her qualifications and experience generally leave an ascertainable trail. This does not appear to be the case for Rogoff. Her business has no website. She does no advertising. An internet search does not reveal Rogoff to be actively engaged in the business of art appraisal. Rather, she is primarily identified as a receptionist and veterinary assistant whose free time pursuits do not include art appraisal.

In sum, Rogoff lacks evident, current qualification to offer reliable expert testimony that

would be helpful to the jury in this action.

### B. Rogoff's opinions are not based on sufficient facts and data and are otherwise not reliable.

Federal Rule of Evidence 702 provides that an expert may testify to "scientific, technical or other specialized knowledge." F.R.E. 702. The Supreme Court in interpreting this requirement has concluded that "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Daubert*, 509 U.S. at 589.  In order to be "reliable," the proffered expert's opinion must be based on the methods and procedures of science and not on unsupported speculation. *Daubert*, 509 U.S. at 590.

In evaluating whether a particular methodology is reliable, i.e., scientifically valid, the court should take into account the following factors:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Daubert*, 509 U.S. at 593-94

Furthermore, following the Supreme Court decision in *Kumho Tire*, *supra*, F.R.E. 702 was amended to provide that a witness, qualified as an expert by knowledge, skill, expertise, training or education may testify in the form of an opinion if her testimony is based on sufficient facts or data (among other criteria). Fed.R.Civ.P. 26(a)(2)(B) requires a party disclosing an expert witness to provide a report that includes the complete statement of all opinions the witness will express, the basis and reasons for them, and the facts or data considered by the witness in forming them (among other requirements).

7

Here, plaintiff has failed to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B). The report of Rogoff is nothing more than unsupported, conclusory assignments of value to items that are inadequately identified (e.g., "a design," "a group of designs"), and not correlated to the accompanying collection of non-indexed photographs. The reader of the expert report is not able to correlate any of the evaluated items with the randomly ordered photographs that were attached. At her deposition, Rogoff was also unable to correlate the narrative report to the photographs. Exhibit 4, pp. 59-63.

The report likewise lacked articulation of the facts and data considered by the witness in reaching her opinions. While the comparative market data approach is the methodology the witness claimed to follow, no comparative market data is provided. No data was provided in response to the notice for expert deposition, and Rogoff was entirely unable to supply the data at deposition. Consequently, the reliability of her methodology cannot be ascertained. Neither defendant nor the Court can evaluate the facts and data upon which the opinion is based, the principles and methods utilized by the expert, or the reliable application of principles and methods to the facts of the case. F.R.E. 702.

While any damage caused by a natural disaster is a regrettable event, plaintiff should have recognized that the Rogoff report, prepared in 2010, was woefully inadequate to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B). The hurricane impacting Queens, New York, where Rogoff resides, occurred in late October 2012. The 2010 report was disclosed in July 2013. Plaintiff sought no extensions of time to remedy the shortcomings of the report or to recreate the data that purportedly informed the report when it was prepared. Likewise, plaintiff has made no effort to supply the missing data in the months since Rogoff's deposition.

Under all of the circumstances, it is not possible to determine the reliability of Rogoff's proffered opinions. The supporting facts and data are entirely missing from her report and her deposition testimony. It is not possible to test the opinions reached given the lack of supporting data. One is left to speculate whether her principles and methods were reliably applied to the facts of the case.

**C.     Rogoff's opinions will not assist the trier of fact and should be excluded.**

The remaining requirement of FRE 702 is that the expert's testimony must assist the trier of fact. *Daubert*, 509 U.S. at 591 ("[E]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful.").

Lacking the supporting facts and data, and a reliable basis for determining how Rogoff applied her principles and methods to the facts of the case, the Court is left only with the expert's *ipse dixit*.  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Nimely, supra*.  "We have previously stated that 'when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.'" *Id.*, citing *Amorgianos*, *supra*, 303 F.3d at 266.  Where an appraisal or other expert testimony rests on inadequate factual foundations, problematic assumptions, or a misleadingly partial selection of relevant facts, it must be excluded under Rule 702. *Edge Group WAICCS LLC v. Sapir Group LLC*, 705 F.Supp.2d 304, 316 (S.D.N.Y. 2010); *E.E.O.C. v. Bloomberg L.P.*, 2010 U.S. Dist. LEXIS 92511, 2010 WL 3466370 (S.D.N.Y. 2010).

## VI.     CONCLUSION

Based upon the foregoing facts and arguments, Defendant, Electrolux Home Products, Inc., respectfully requests that its Motion *in Limine* to Preclude the Testimony of Phillis Rogoff be granted and that Ms. Rogoff be precluded from testifying at trial. Alternatively, Electrolux respectfully requests that its Motion be set for a *Daubert* hearing.

Dated: January 14, 2014

                Respectfully submitted,

                GOLDBERG SEGALLA LLP

                s/John P. Freedenberg
                John P. Freedenberg
                *Attorneys for Defendant*
                *Electrolux Home Products, Inc.*
                665 Main Street, Suite 400
                Buffalo, New York 14203
                (716) 566-5400
                jfreedenberg@goldbergsegalla.com